## The City of Anna v. Ruth H. Boren.

1. OFFICERS—*Presumption as to Their Competency.*—The law presumes that officers are competent to fill the positions they occupy, and if they are not, and in consequence thereof injury has resulted to any person to whom the municipality owes a duty, it must answer for such injury, and can not be heard to urge the incompetency of its officers and servants as an excuse for its dereliction.

2. CITIES AND VILLAGES—*Absolute Control of Streets.*—Cities and villages have absolute control of the streets within the corporate limits.

3. SAME—*Evidence of the Possession of Sidewalks.*—Evidence showing that a walk has been repaired by the city is sufficient to warrant the jury in finding that it was in possession of the city.

4. SAME—*Can Not Surrender Jurisdiction Over Streets.*—A city can not surrender its jurisdiction and control over its streets and walks to the rabble, and thus claim immunity from its neglect of duty.

**Trespass on the Case,** for personal injuries. Trial in the Circuit Court of Union County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the February term, 1898. Affirmed. Opinion filed August 31, 1898.

DODD & RICH, attorneys for plaintiff in error.

KARRAKER & LINGLE, attorneys for defendant in error.

MR. JUSTICE BIGELOW delivered the opinion of the court.

Ruth H. Boren, the defendant in error, sued the city of Anna, plaintiff in error, in an action on the case, for negligently allowing a sidewalk on Williams street of the city to be and remain out of repair and in a dangerous condition for travel, for a long time, whereby she, while passing over it, in the exercise of ordinary care, tripped on a loose plank and fell through a hole in the walk, about two feet, to the ground, and in consequence received a severe sprain of her ankle, which caused her to be laid up for a long period of time, suffering great pain and unable to walk, and she has never fully recovered from her injuries.

A verdict and judgment were rendered in her favor for

$500 damages, and the city has brought the case here by writ of error, and assigns four reasons why the judgment should be reversed.

First: "That the whole evidence taken together does not show that the condition complained of in the sidewalk had existed long enough to charge the city with notice of the defect."

Second. "The evidence fails to show that the street upon which the alleged sidewalk is said to have been located is a public street, or that the sidewalk is a public sidewalk, and that the city had possession and control of it."

The third and fourth reasons are, the giving by the court, on its own motion, of an instruction to the jury; and the refusal to give an instruction asked by the city.

The defendant below offered no evidence, but rested its entire defense upon the theory that the plaintiff had failed to make a *prima facie* case, on which she could be entitled to a verdict, and yet it did not ask the court to instruct the jury to find for the defendant, but did ask, and the court gave, fourteen instructions covering every point in the case.

Besides the plaintiff, eight witnesses who knew the walk and traveled over it, and who were apparently intelligent, candid men and women, testified that at and before the time of the injury complained of it was in a dangerous and unsafe condition for travel, and the most of them testified as to the length of time it had been so, and a fair inference from their testimony is, that the walk had been in such condition for so long a time that they could scarcely remember the time when it had been otherwise.

In view of this evidence, which is wholly uncontradicted, if we were to hold the first contention of counsel for plaintiff in error to be correct, it would be in effect holding that the city officials were wholly incapable of learning anything as to their duties, and that would not help the matter in the least, for the law presumes that they were competent to fill the positions they occupied, and if they were not, and in consequence thereof injury has resulted to defendant in error, to whom the city owed a duty, it must answer for

such injury and can not be heard to urge the incompetency of its officers and servants as an excuse for its dereliction. The first reason given why the judgment should be reversed is entirely without merit.

The second reason urged is fallacious, since the evidence shows that the street on which the sidewalk was constructed was a public street of the city, and it must be presumed, in the absence of evidence to the contrary, that the city was in possession of it and built and maintained the sidewalk.

The city has absolute control of the streets within the corporate limits. Carney v. Marseilles, 136 Ill. 401.

Counsel for the city succeeded in showing, on cross-examination of some of plaintiff's witnesses, that the walk had been repaired, and this was sufficient to warrant the jury in finding that it was in possession of the city, if this were necessary. But we are not prepared to hold that if the sidewalk was not actually built by the city, but had been used by the public for many years, and was allowed to remain in a dangerous condition for travel, that the city would not be liable to a pedestrian, who, in the exercise of ordinary care, meets with a severe injury to his person, on account of its condition in passing over it. A city may not surrender its jurisdiction and control over its streets and walks to the rabble and thus claim immunity from its gross neglect of duty.

The instruction which the court gave to the jury, on its own motion, and of which complaint is made, is as follows:

"No. 10. If you find, from the evidence, that the sidewalk in question was on one of the public streets of the city of Anna, known as Williams street, then the averment in the declaration that the city was possessed of and owned and controlled the sidewalk in question is fully made out."

Whether the instruction might not have been erroneous had the ownership of the sidewalk been contested, we need not stop to consider; but since no contest was made about the ownership, or possession, being otherwise than in the city, where, *prima facie* at least, the law placed it, the instruction properly stated the law applicable to the evidence.

The substance of defendant's refused instruction is as follows:

"Before you find for the plaintiff, she must prove by the weight of the evidence that the city was in possession and had control of the said sidewalk at the time the injury was received."

The instruction was at least misleading and was therefore properly refused.

From the uncontroverted facts before the jury, it is impossible to see how the city was injured even if the court erred in giving the instruction complained of, and to which objection was made, as well as in refusing defendant's instruction asked, since the jury could not have done otherwise than they did do without violating their oaths.

Finding no error in the record, the judgment of the Circuit Court is affirmed.