NICHOLAS ROTH, Plaintiff-Appellant, v. AVENUE STATE BANK, Defendant-Appellee.

(No. 55093;

First District (1st Division)—April 9, 1973.

Erwin M. Pearl and Leonard V. Solomon, both of Chicago, for appellant.

Frank Glazer, of Chicago, (John W. Purney and James A. Swanson, of counsel,) for appellee.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

This appeal is based on a personal injury action brought against the defendant-bank for damages suffered when the plaintiff fell while crossing a snow-covered driveway leading to the bank's drive-up facilities. The case was tried before a jury, but after introduction of the plaintiff's evidence, the court granted the defendant's motion for a directed verdict.

On January 19, 1964, at about 5:30 P.M., the plaintiff was on his way to a camera shop located on Oak Park Avenue in Oak Park, Illinois. He parked his car on North Boulevard, east of the defendant's building, which was on the northeast corner of Oak Park Avenue and North Boulevard. The plaintiff walked on the north side of North Boulevard in a westerly direction towards Oak Park Avenue. His path was slightly to the right of the center of the public sidewalk. He started across the driveway which runs north and south, leading to the bank's drive-up facilities. The driveway is flush with the public walk on the east side, but there is a curb on the west side of the drive, where the driveway portion ends and the public sidewalk resumes. As the plaintiff approached the west side of the driveway, he stepped on what felt like a ridge. He slipped and fell.

It had been snowing steadily during the day, and the driveway and sidewalk were covered with snow. The plaintiff was helped to his feet by passersby and continued on to the camera store. He drove himself home, but thereafter he went to a doctor who treated him for a fractured leg. This and other medical expenses were documented.

The plaintiff's prayer for relief is based on the alleged faulty construction or maintenance by the defendant of its driveway and of a private sidewalk, which runs north and south along the east side of the bank's building between the building and the driveway. The private sidewalk leads from the public sidewalk on North Boulevard to a rear entrance to the bank building. The plaintiff claims that this private sidewalk, which appears in the exhibits to be approximately the same height as the public sidewalk at the bank building line, slopes precipitately downward from the building line south into the driveway and constitutes a hazard to pedestrians when it is, as it was on the day in question, covered with ice and snow.

The plaintiff introduced evidence that the defendant owned the building at 104 North Oak Park Avenue. In the early 1950's the bank acquired from the Village of Oak Park ownership of the public alley running

north and south along the east side of its building. The alley was converted by the bank for access to its drive-up facilities. The private sidewalk was installed for access by pedestrians to the rear entrance of the bank. A bank officer testified that the bank hired a construction company to do the work on the drive from the bank's south property line north into the alley. He further testified that the private sidewalk extended only to the building line, but that he did not know if the bank constructed or maintained the sloping area which plaintiff designates as a hazard. The officer stated that bank employees kept the drive-up area and sidewalk free of ice and snow when the snowfall was light. When more than one inch of snow fell, an independent contractor kept the area clear. There was no evidence of snow removal operations on the day in question, but the bank officer testified that the independent contractor had removed snow on a number of occasions in January 1963.

The plaintiff's expert witness, an architect, testified as to the slope of the area where the plaintiff claimed to have fallen. At the end of the plaintiff's evidence, the trial judge directed a verdict for the defendant.

■■ A directed verdict is not permissible unless all of the evidence, viewed in its aspects most favorable to the plaintiff, so overwhelmingly favors defendant, that no contrary verdict could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504.) Applying this standard, we find that the trial judge correctly decided that the plaintiff in this case did not sustain his burden of proof, and that a verdict in his favor was not possible on the evidence.

■■ Proof of negligence consists of showing a duty to the person injured, a breach of that duty, and an injury proximately resulting from the breach. (*Neering v. Illinois Central R.R. Co.*, 383 Ill. 366, 50 N.E.2d 497). The plaintiff in this case failed to establish that the defendant owed any duty to the plaintiff. Although he alleged that the bank owned the private sidewalk to a point approximately one-half the width of the public sidewalk, no evidence was introduced to support this claim. Hence, the plaintiff never showed that the defendant owned the property where the plaintiff fell.

Even assuming that the defendant had to be at least the abutting property owner, the plaintiff failed to satisfy his burden of proof. The plaintiff's attempt to impose liability is based on the premise that the defendant was responsible for a dangerous condition (that is, the sloping extension of the private sidewalk when it was covered with ice and snow). (*Calhoun v. Corning*, 328 Ill.App.493, 66 N.E.2d 303.) But the plaintiff failed entirely to link the defendant with either construction or maintenance of the slope which extends beyond the bank building line.

Especially in this case, where the alley existed before the bank adapted it to its own use, it was incumbent upon the plaintiff to present evidence fixing the defendant's responsibility in order to recover.

For the reasons stated the judgment is affirmed.

Judgment affirmed.

GOLDBERG and EGAN, J J., concur.