LISA MUNIZ, Plaintiff-Appellee, v. THE CITY OF JOLIET, Defendant-Appellant.

Third District   No. 3—85—0109

Opinion filed October 16, 1985.

Nicholas E. Sakellariou, Corporation Counsel, of Joliet (Norma J. Guess, Assistant Corporation Counsel, of counsel), for appellant.

William A. Geiser, of Anesi, Ozmon, Lewin & Associates, Ltd., of Chicago, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

Following a trial regarding personal injuries suffered by the plaintiff, Lisa Muniz, the jury returned a verdict for the plaintiff and against the defendant, the city of Joliet (the city). The court entered judgment on the verdict. The city appeals, arguing that the plaintiff failed to prove that the city possessed or controlled the sidewalk injury site. We affirm.

In her complaint, the plaintiff alleged, in part, that the city had a duty to possess, operate, manage, maintain, and control the sidewalk in Joliet where she fell and was injured. In its answer to the com-

plaint, the city denied that allegation. At the trial, the plaintiff produced evidence that she suffered injuries from a fall on a sidewalk alongside some businesses at or near 34 West Clinton Street in Joliet.

Following the close of the plaintiff's case, the city moved for a directed verdict in its favor. The sole basis the city argued for the motion was that the plaintiff had failed to present any evidence that the city controlled the sidewalk in question. The court denied the city's motion. The city rested without presenting any evidence. The jury found the city liable.

■■ On appeal, the city argues only that the court erred in denying its motion for a directed verdict. According to the city, the plaintiff failed to sustain her burden of proof of the city's possession or control of the sidewalk in question. The city correctly acknowledges that a motion for a directed verdict is properly granted only when all the evidence, when viewed favoring the nonmoving party, so overwhelmingly favors the moving party that no contrary verdict based on the evidence could stand. *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.

■ The plaintiff correctly acknowledges that an element of her necessary proof was that the city had some duty regarding the condition of the sidewalk where she fell. She presents a number of theories as to how she sufficiently sustained her burden to defeat the city's motion for a directed verdict. Among the plaintiff's theories on appeal is that the court properly denied the city's motion based on the evidence that the sidewalk was inside Joliet and the legal presumption, absent contrary evidence, that sidewalks alongside a city's streets are in the possession and maintenance control of the city. (*City of Anna v. Boren* (1898), 77 Ill. App. 408; *Sherwin v. City of Aurora* (1913), 257 Ill. 458, 100 N.E. 938; and *Roberts v. City of Sterling* (1959), 22 Ill. App. 2d 337, 161 N.E.2d 138.) As we find that argument to be dispositive, we do not address the alternative arguments the plaintiff presents.

The city argues that the presumption of city ownership is mere *dicta* in the plaintiff's authority. It also argues without authority that in these days of ever-increasing private acquisition of public access ways, it seems more important than ever to make the plaintiff prove the ownership of the location of her injury.

We do not find that the presumption of city ownership is merely *obiter dicta* in the plaintiff's authority. (See *Larson v. Johnson* (1953), 1 Ill. App. 2d 36, 116 N.E.2d 187.) In each of *City of Anna, Sherwin,* and *Roberts,* the reviewing court addressed the proof necessary for an individual to recover for injury which occurred in relation to a public

sidewalk. Each of the three decisions relied, in part, upon the city-ownership presumption.

■ We note the differing approach of *Roth v. Avenue State Bank* (1973), 11 Ill. App. 3d 456, 297 N.E.2d 253, where the plaintiff was denied recovery for failure to prove the defendant bank's ownership and duty regarding the driveway upon which he fell. However, we find no consequent reason to abandon the presumption of a city's duty regarding sidewalks within its boundaries. Absent proof to the contrary, the sidewalk where the plaintiff was injured was legally presumed to be in the city's ownership and control. Accordingly, the court properly denied the city's motion for a directed verdict based merely on that ownership aspect of the plaintiff's proof.

The judgment of the circuit court of Will County, therefore, is affirmed.

Affirmed.

HEIPLE, P.J., and BARRY, J., concur.