Joseph CUNNINGHAM, d/b/a Sentry Barricade & Equipment Co., Inc., Appellant (Defendant and Third Party Plaintiff Below),

v.

ASSOCIATES CAPITAL SERVICES CORPORATION, Appellee (Plaintiff Below),

v.

MOTOROLA, INC., Appellee (Third Party Defendant Below).

No. 2-1079A314.

Court of Appeals of Indiana, Second District.

June 9, 1981.

W. Rudolph Steckler, Quill, Steckler & Boberschmidt, Indianapolis, for appellant.

Neil E. Shook, Rubin & Levin, David L. Gray, Ice, Miller, Donadio & Ryan, Indianapolis, for appellees.

SHIELDS, Judge.

Appellant Joseph Cunningham d/b/a Sentry Barricade & Equipment Co., Inc. (Cunningham) appeals from the trial court's dismissal of his third party complaint against Motorola, Inc. and the grant of a summary judgment in favor of Associates Capital Services Corporation (Associates).

We affirm.

■ Cunningham first argues the trial court erred in dismissing his third party complaint against Motorola because he failed to make a more definite statement of his allegations of fraud and mutual mistake. This issue was not raised in the motion to correct errors and is therefore waived. Ind. Rules of Procedure T.R. 59(G) (amended). Thus we affirm the dismissal.

Cunningham next argues the trial court erred in granting the summary judgment in favor of Associates because he raised genuine issues of material fact.

We disagree.

In February 1976, Motorola entered into a written equipment lease contract with Cunningham under which Motorola leased radio equipment to Cunningham. Motorola later assigned this contract to Associates.

Associates brought this action against Cunningham alleging nonpayment of the monthly rental fee. In his second amended affirmative defense Cunningham asserted Motorola had agreed to apply for, obtain, and secure any and all licenses and approval necessary to operate the leased equipment throughout the terms of the lease. Cunningham further alleged this agreement was not included in the written integrated contract due to the fraud or mistake of Motorola. In the spring of 1977 Cunningham unsuccessfully requested Motorola to obtain new operating permits and licenses. Cunningham asserts Motorola's breach of the agreement justified his termination of the contract.[1]

■ Associates filed a motion for summary judgment with a supportive affidavit. Associates did not address the allegations contained in the affirmative defense. Cunningham filed an affidavit opposing the motion; however, the affidavit did not meet the requirements of Ind. Rules of Procedure, T.R. 56(E).

T.R. 56(E) provides:

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is compe-

---

1. Along with this affirmative defense, Cunningham filed a counterclaim against Motorola which alleged the same facts as the affirmative defense. The counterclaim was dismissed for failure to state a claim upon which relief could be granted. Cunningham did not replead; nor did he assert dismissal as error in his Motion to Correct Errors.

tent to testify to the matters stated therein."

Cunningham's affidavit stated:

"Affiant has carefully reviewed Second Amended Answer, Affirmative Defense, Counterclaim and Third Party Complaint ... and hereby affirms that each and every material allegation set forth therein is true and correct to the best of his knowledge and belief."

Because the affidavit did not meet the requirements of T.R. 56(E), the court could properly disregard the affidavit on its own motion. *Gostin v. Nelson*, (1966 3rd Cir.) 363 F.2d 371.

Summary judgment should only be granted when no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. The burden is upon the moving party to demonstrate the absence of any material fact.

■ However, when the materials presented with a motion for summary judgment lead to the conclusion that a genuine issue of material fact does not exist, the opposing party may not rely on his pleadings to raise such issue.[2] The opposing party must, by affidavit or otherwise, bring forth specific facts showing a genuine issue for trial to prevent entry of judgment against him. *Otte v. Tessman*, (1980) Ind. App., 412 N.E.2d 1223; *Bell v. Horton*, (1980) Ind.App., 411 N.E.2d 648; *Podgorny v. Great Central Ins. Co.*, (1974) 160 Ind. App. 244; 311 N.E.2d 640.

■ Cunningham did not bring forth any facts to show a genuine issue of fact. Therefore, the trial court did not err in granting summary judgment in favor of Associates.

Affirmed.

BUCHANAN, C. J., and SULLIVAN, J., concur.

---

2. Cunningham's affirmative defense asserted his termination of the lease was justified because of Motorola's breach of agreements not included in the written integrated contract due to fraud or mistake. The circumstances constituting the fraud or mistake of Motorola were not specifically averred. Ind.Rules of Trial Procedure, T.R. 9(B) requires that in all averments of fraud or mistake the circumstances constituting fraud or mistake *shall* be specifically averred. While, as a general rule, our rules of procedure require only notice pleading, T.R. 9(B) constitutes an exception to the general rule. This rule requires that circumstances of fraud and mistake be *specifically* pleaded. As stated by Professor Harvey:

"The circumstances constituting fraud or mistake must be stated with particularity. In general the circumstances of fraud would be the time, the place, the substance of the false representations, the facts misrepresented, and the identification of what was procured by the fraud. *U.S. v. Hartmann*, D.C.Pa. 1942, 2 F.R.D. 477. In order to state a claim the pleader must also allege the elements of fraud, which are generally stated as follows: a representation of an existing fact; its materiality; its falsity; the speaker's knowledge of its falsity or ignorance of its truth; his intent that it should be acted upon by the person to whom it is made; ignorance of its falsity on the part of the person to whom it is made; the latter's reliance on the truth of the representation; his right to rely upon it; and his consequent damage. However, it is not proper to plead detailed evidentiary matter. Rule 9(B) must be read with Rule 8 requiring short and concise statements of claim."

1 W. Harvey, Indiana Practice § 9.2 at 542.

A pleading which fails to comply with the special pleading requirements of T.R. 9(B) does not state a claim upon which relief can be granted or a sufficient defense. *Barry v. St. Paul Fire & Marine Ins. Co.*, (1977 1st Cir.) 555 F.2d 3; *Denny v. Barber*, (1978 2nd Cir.) 576 F.2d 465; *Shemtob v. Shearson, Hammill & Co., Inc.*, (1971 2d Cir.) 448 F.2d 442; *Mooney v. Vitolo*, (1970 2d Cir.) 435 F.2d 838; *Kellman v. ICS, Inc.*, (1971 6th Cir.) 447 F.2d 1305; *Utah State Univ., etc. v. Bear, Stearns & Co.*, (1977 10th Cir.) 549 F.2d 164. *But see Pactor v. Pactor*, (1979) Ind.App., 391 N.E.2d 1148; *State Farm Mutual Auto. Ins. Co. v. Shuman*, (1977) Ind.App., 370 N.E.2d 941. (insofar as these cases appear to hold, in dicta, that a noncomplying pleading does set forth a sufficient claim or defense of fraud or mistake, they are incorrect.)

Cunningham failed to aver the circumstances constituting the alleged fraud or mistake of Motorola. By this failure, he has not stated a sufficient defense and thus this pleading did not raise any material issues of fact.