Betty J. NESTOR, Appellant
(Plaintiff Below),

v.

Evelyn KAPETANOVIC, as Administratrix of the Estate of Philip C. Piskol, Deceased, Appellee (Defendant Below).

No. 45A03–9008–CV–335.

Court of Appeals of Indiana,
Third District.

June 17, 1991.

Michael W. Bosch, Bamber, Bosch & Banasiak, Hammond, for appellant.

Donald Stepanovich, Highland, for appellee.

HOFFMAN, Presiding Judge.

Plaintiff-appellant Betty J. Nestor appeals a bench trial judgment in favor of defendant-appellee Evelyn Kapetanovic in an action against the estate of Philip C. Piskol, deceased.

The facts relevant to this appeal disclose that Betty was the daughter of Anna Piskol who died in 1972. At the time of her death, Anna and Philip Piskol, Anna's second husband and Betty's stepfather, jointly owned 150 shares of AT & T stock, a money market account, and a house in Hammond, Indiana. Shortly after Anna's funeral, Betty's husband informed Betty and Philip that Betty was entitled to file a claim for one-third of Anna's estate. Philip begged Betty not to file against the estate and promised to leave everything to her and her two sons. Against her husband's advice, Betty refrained from taking any action at that time. Approximately six months after the funeral, Betty and Philip had a falling out and ceased all contact with one another. Philip died intestate in 1984 leaving a brother and sister (the administratrix) but no children.

Betty raises two issues for review on appeal:

(1) whether the trial court erred in ruling that Philip did not commit either actual or constructive fraud when he promised to leave Betty and her two sons everything; and

(2) whether the trial court erred in ruling that oral contracts to make a will are unenforceable under the statute of frauds.

■ The instant case was a bench trial in which the trial court entered findings of fact and conclusions of law on its own motion. This Court will not set aside a trial court's findings or judgment unless clearly erroneous. Ind. Trial Rule 52(A). Findings are clearly erroneous when the record is devoid of facts or inferences supporting them. *Clark's Pork Farms v.*

*Sand Livestock Sys.* (1990), Ind.App., 563 N.E.2d 1292, 1296. A judgment is clearly erroneous when the findings do not support it. *Id.* This Court will not reverse the trial court unless the evidence leads to but one conclusion and the trial court reached the opposite conclusion. *Id.*

■ Betty claims the trial court erred in ruling that Philip did not commit either actual or constructive fraud when he promised to leave her and her two sons everything. The elements of actual fraud are as follows:

(1) a material representation of past or existing facts which

(2) was false,

(3) was made with knowledge or in reckless ignorance of the falsity,

(4) was relied upon by the complaining party, and

(5) proximately caused the complaining party injury.

*Pugh's IGA v. Super Food Services, Inc.* (1988), Ind.App., 531 N.E.2d 1194, 1197. Promises and representations as to the future are regarded merely as statements of opinion, hope, or expectation upon which a party has no right to rely. *Murphy v. Mellon Accountants P.C.* (1989), Ind.App., 538 N.E.2d 968, 970. When confronted with such representations, courts are permitted to find as a matter of law that the representations are not actionable. *Id.* Because the instant case involved a promise, the trial court did not err in ruling that Philip did not commit actual fraud.

■ The elements of constructive fraud are as follows:

(1) a duty owing by the party to be charged to the complaining party due to their relationship,

(2) violation of that duty by the making of deceptive material misrepresentations of past or existing facts or remaining silent when a duty to speak exists,

(3) reliance thereon by the complaining party,

(4) injury to the complaining party as a proximate result thereof, and

(5) the gaining of an advantage by the party to be charged at the expense of the complaining party.

*Pugh's IGA* at 1197. Unlike actual fraud, constructive fraud may be based on promissory misrepresentations; however, it must be shown that the promisee suffered a detriment and the promisor obtained some advantage. *Romack v. Public Service Co. of Indiana* (1986), Ind.App., 499 N.E.2d 768, 775. Although Betty's decision not to file in 1972 may have been a benefit to Philip, she presented no evidence of a detriment to herself. Her mother and Philip jointly owned all the valuable assets; therefore, she had no estate against which to file. *Cf.* IND.CODE § 32–4–1.5–7 ("No multiple-party account is effective against an estate of a deceased party to transfer to a survivor sums needed to pay claims, taxes, and expenses of administration, including the statutory allowance to the surviving spouse or dependent children, if other assets of the estate are insufficient."). The trial court did not err in ruling that Philip did not commit constructive fraud.

Betty also contends the trial court erred in ruling that oral contracts to make a will are unenforceable under the statute of frauds. IND.CODE § 32–2–1–1 (1988 Ed.). In the case of *Hensley, Admr. v. Hilton* (1921), 191 Ind. 309, 131 N.E. 38, services had been performed in consideration of a decedent's oral agreement to execute a will making the claimant against his estate his legatee. In considering the contract, our Supreme Court stated:

> "The contract sued on in this case is one falling within the statute of frauds, and no action can be maintained upon it, and where services have been performed as shown in this case in consideration of the promises made by decedent in the contract alleged, the plaintiff is entitled to recover the value of his services, not pursuant to the terms of the contract, but on the *quantum meruit,* and in such case the value of the services performed, and not the value of the property agreed to be conveyed, is the measure of damages."

*Id.* at 314, 131 N.E. at 40.

Specifically, Betty argues that the doctrines of equitable estoppel and part performance serve to remove her case from the operation of the statute of frauds. The basis for the doctrine of equitable estoppel is fraud, either actual or constructive, on the part of the person estopped. *Paramo v. Edwards* (1990), Ind., 563 N.E.2d 595, 598. As previously discussed, neither actual nor constructive fraud existed in this case; therefore, the doctrine of equitable estoppel was inapplicable. With respect to the part performance argument, we would note that, due to the lack of an estate against which to file, any forbearance, or lack thereof, on Betty's part was meaningless. *See also Hurd v. Ball* (1957), 128 Ind.App. 278, 143 N.E.2d 458, *trans. denied, Hurd, by Davis v. Ball* (1958), 237 Ind. 665, 148 N.E.2d 194 (under asserted contract between mother and alleged father whereby he would devise property to child in consideration of mother's forbearance of maintenance of paternity suit, mother's forbearance for limitation period was held not performance as would render contract enforceable where it was otherwise within statute of frauds). The judgment of the trial court is affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.