**Donald E. DZVONAR, and Cheryl K. Dzvonar, Appellants–Plaintiffs,**

v.

**INTERSTATE GLASS COMPANY, INC., Appellee–Defendant.**

**No. 20A04–9309–CV–334.**

Court of Appeals of Indiana, Fourth District.

March 29, 1994.

Rehearing Denied May 17, 1994.

Transfer Denied Aug. 18, 1994.

Edward E. Beck, John B. Powell, Timothy L. Claxton, Shambaugh Kast Beck & Williams, Fort Wayne, for appellants.

Patrick J. Hinkle, Edward N. Kalamaros & Associates, South Bend, for appellee.

CHEZEM, Judge.

### Case Summary

Appellants-plaintiffs Donald and Cheryl Dzvonar ("Dzvonars") appeal the trial court's decision to grant summary judgment to Interstate Glass Company ("Interstate"). We reverse.

### Issue

Dzvonars present one issue for our review. However, we address the issue of whether Interstate properly designated evidence to the trial court under Ind.Trial Rule 56(C).

### Facts and Procedural History

On August 19, 1988, Donald Dzvonar was injured while operating an aerial lift truck during the course of his employment for WSA, Inc., d/b/a Harmon Contract Glazing ("Harmon"). Dzvonars sued Interstate and others, claiming damages for Donald's injuries and loss of services, society and companionship for his wife, Cheryl. Dzvonars allege that Interstate owned or had possession and control of the aerial lift truck. Dzvonars allege that Interstate negligently failed to adequately maintain, repair and otherwise keep the aerial lift and related equipment safe for use. Interstate contends that it sold the truck to Harmon on April 4, 1984 and that it did not own, possess, maintain, or have custody or control of the truck after that date. The trial court granted Interstate's motion for summary judgment on April 22, 1993.

### Discussion and Decision

Summary judgment is appropriate only where the moving party has proved that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). The parties to a summary judgment proceeding must expressly designate to the trial court evidentiary matters which support their re-

spective positions. T.R. 56(C). The existence of a genuine issue of material fact shall not be ground for reversal on appeal unless such fact was designated to the trial court. *Brockmeyer v. Fort Wayne Public Transp.* (1993), Ind.App., 614 N.E.2d 605, 606, *trans. denied.*

■ When reviewing an entry of summary judgment, we stand in the shoes of the trial court. *Collins v. Covenant Mut. Ins. Co.* (1992), Ind.App., 604 N.E.2d 1190, 1194. We do not weigh the evidence, but will consider the facts in the light most favorable to the nonmoving party. *Id.* We may sustain a summary judgment upon any theory supported by the designated materials. T.R. 56(C).

■ Our review of the record reveals that Interstate did not properly designate evidence to the trial court, pursuant to T.R. 56(C). The purpose of the 1991 amendment to T.R. 56(C) was to substantially limit the scope of materials in the record for trial and appellate courts to review when determining the propriety of a summary judgment motion. *Inland Steel v. Pequignot* (1993), Ind. App., 608 N.E.2d 1378, 1381, *trans. denied.* The intent of the rule is best served if the designation contains specific references to the evidence and its exact location in the record. *Czaja v. City of Butler* (1992), Ind. App., 604 N.E.2d 9, 10. Our supreme court has stated that a party does not comply with T.R. 56(C) by merely designating entire portions of the record, such as depositions. *Rosi v. Business Furniture Corp.* (1993), Ind., 615 N.E.2d 431, 434, n. 2. Additionally, we have previously held that the better practice is to clearly and succinctly state the factual issues and precisely refer to the pertinent parts of the record. *Pierce v. Bank One—Franklin* (1993), Ind.App., 618 N.E.2d 16, 19, *trans. denied.*

■ In its motion for summary judgment and supporting brief, Interstate merely referred to the complaint, answer, and the affidavits of Robert Fujawa, James De-Craene, and Charles Byers, without any specific citations as to where evidence supporting its assertions could be found in the mentioned materials. We now hold that general reference to whole portions of the record, without specific citations to relevant evidence, does not constitute designation as required by T.R. 56(C). We reverse and remand to the trial court for action consistent with this opinion.

Reversed and remanded.

RILEY and NAJAM, JJ., concur.