Margaret H. ABBOTT, individually and as Trustee under Trust Agreement dated October 20, 1986, Appellant–Defendant,

v.

Douglas S. BATES, Appellee–Plaintiff.

No. 49A02–9505–CV–273.

Court of Appeals of Indiana.

Sept. 18, 1996.

Rehearing Denied Oct. 31, 1996.

Raymond S. Robak, Greenfield, for Appellant–Defendant.

Bruce D. Brattain, Linda B. Klain, Indianapolis, for Appellee–Plaintiff.

## OPINION

SULLIVAN, Judge.

Margaret H. Abbott (Abbott) appeals the grant of partial summary judgment in favor of Douglas S. Bates (Bates). We affirm.

In October 1986, Abbott executed a revocable trust agreement naming herself as both beneficiary and trustee. Two parcels of real estate which Abbott owned in Indianapolis were subsequently deeded to the trust. In August 1990, Abbott retained Bates' son, Bradford W. Bates (Bradford), as property manager. The Indianapolis properties were in need of repair, and Abbott, with Bradford's assistance, secured a $65,000 loan from the National Bank of Detroit (NBD) to cover the cost.

In December 1990, Bradford asked the 76–year–old Abbott to travel to Indiana from her home in Florida "because of a financial crisis related to the improvements." Record at 125. During the meeting that followed, Abbott was told by Bates and Bradford that the funds she had obtained were insufficient to cover the cost of repairs which had already been made, and an additional $30,000 was needed immediately to correct construction deficiencies.

Bates, whom Abbott met for the first time that day, informed Abbott that he had investigated the situation and was in a position to pay the construction bills until she was able to borrow additional funds from NBD. Bates then offered to loan her the money "among friends" for 30–60 days until the bank loan was secured, and produced two notes—one in the amount of $15,000 and the other for $10,000—which were to be secured by mortgages on both properties. Abbott executed the notes and mortgages after being assured by Bates that he would personally oversee future construction and that the personal loans would be repaid and the mortgages released as soon as NBD approved the pending application for the second loan. Two months later, Abbott signed another note to Bates representing an additional $3,026.

Upon learning that the funds from the second bank loan were applied toward construction costs and not used to pay off the notes to Bates, Abbott demanded an accounting from Bradford. He failed to respond to this request, which led Abbott to terminate the management contract. Subsequently, Abbott's attorney, Raymond S. Robak (Robak), was informed during a meeting with Bradford and his attorney that $30,000 of the original $65,000 bank loan secured by Abbott for repairs had been deposited into Bradford's personal account.

Abbott defaulted on the notes, and on October 2, 1993, Bates filed an action to foreclose on the properties. In her answer, Abbott raised three affirmative defenses, alleging failure of consideration and that the notes and mortgages were secured by fraud and under duress. Upon Bates' motion, the trial court granted summary judgment against Abbott individually on the three notes. Finding no just reason for delay, the court directed entry of judgment against Abbott on June 20, 1994. Summary judgment was denied, however, as to foreclosure and against Abbott as trustee.

Abbott filed a praecipe on July 20, 1994, but failed to perfect an appeal. Bates subsequently filed a second motion for partial summary judgment against Abbott in her capacity as trustee, which was granted by the trial court on January 17, 1995. The court ordered foreclosure on the two properties and granted Bates an *in rem* judgment on the notes against Abbott as trustee. Abbott appeals from this order individually and in her capacity as trustee.

Upon appeal, Abbott does not deny signing the mortgages, but maintains that her signature on the mortgages was secured by duress, misrepresentation and fraud.[1] Thus, the sole issue which she presents is whether the trial court erred in granting Bates' second motion for partial summary judgment because there was a genuine issue of material fact concerning the validity of the mortgages.

## I. Failure to Perfect Appeal from First Partial Summary Judgment

Bates asserts that Abbott is improperly attempting to resurrect issues regarding the validity of the notes and the mortgages which were resolved by the first partial summary judgment from which Abbott took no appeal. We disagree. In granting Bates' first partial summary judgment motion, the trial court found that Abbott had individually executed and delivered three notes and two real estate mortgages to Bates, and had subsequently defaulted on these obligations. The court then determined that Abbott was individually liable on the notes, and entered judgment against her for principal, interest and attorney's fees. The determination of Abbott's individual liability on the notes effectively disposed of any questions concerning their validity, an issue which Abbott does not dispute upon appeal.

Less certain, however, is whether the first summary judgment disposed of all issues regarding the validity of the mortgages. In its order, the court denied summary judgment with respect to foreclosure of the mortgages and against Abbott in her capacity as trustee, finding conflicting evidence concerning whether Abbott was obligated on the notes as trustee, whether Abbott executed the mortgages as trustee, and whether the properties were owned by Abbott individually or as trustee. Upon appeal, Abbott argues that "[b]y its ruling [on the first motion], the Court determined that there was an issue of material fact involving the validity of the mortgage" which she properly addressed in opposing the second motion. Appellant's Brief at 10.

Although our reading of the order does not reveal such a determination, we are not compelled to conclude that the first order foreclosed further consideration of the mortgages' validity. Absent an express determi-

---

1. The notes and mortgages were signed contemporaneously; however, Abbott does not argue upon appeal that her signature on the notes is invalid. In any event, such argument is foreclosed by the trial court's first partial summary judgment order which found Abbott to be individually liable on the notes. The trial court expressly certified this order for review pursuant to Ind.Trial Rule 56(C). *Radbel by Radbel v. Midwestern Elec., Inc.* (1990) Ind.App., 550 N.E.2d 340, 341, *op. on reh'g.* Because Abbott failed to perfect an appeal as required by Ind.Appellate Rule 3(B), any error in the trial court's disposition regarding her individual liability on the notes is waived.

Even if Abbott had perfected her appeal from the first partial summary judgment, she waived her affirmative defenses to the notes at the summary judgment stage of the proceedings. Bates, in support of his first summary judgment motion, designated the notes and mortgages, as well as specific paragraphs of his complaint, his Verified Declaration of Indebtedness, and his Verified Statement of Attorney's Fees. When the moving party files materials reflecting the lack of any genuine issue of material fact, the opposing party may not rest upon his pleadings but must come forth with specific facts showing there is a genuine issue for trial. T.R. 56(E); *e.g. Criss v. Bitzegaio* (1981) Ind., 420 N.E.2d 1221, 1223; *Associates Fin. Serv. Co. of Kentucky Inc v. Knapp* (1981) Ind.App., 422 N.E.2d 1261, 1264. A party has the burden of asserting its affirmative defenses in a summary judgment proceeding. *Associates Fin. Serv., supra.* Although Abbott raised the affirmative defenses of fraud, duress and failure of consideration in her responsive pleading, she failed to designate any evidentiary material in opposition to Bates' motion. If a defendant in its pleadings raises an affirmative defense, but subsequently fails to address the issue in opposition to a summary judgment motion, the affirmative defense is waived. *Criss, supra; see also Huff v. Langman* (1995) Ind.App., 646 N.E.2d 730, 732.

nation of the mortgages' validity or an entry of foreclosure, we cannot say with certainty that the first order was dispositive as to this issue.[2] Thus, Abbott was not required to preserve the issue of the mortgages' validity by appealing from the first grant of summary judgment nor was she precluded from raising the issue in opposition to Bates' second motion for summary judgment.

## II. *Fraud*

■ Bates argues that even if the issue of the mortgages' validity was not waived by Abbott's failure to respond properly to the first summary judgment motion or to appeal from the order, the evidentiary materials designated by Abbott in response to the second summary judgment motion fail to create a genuine issue of material fact. Summary judgment is an appropriate disposition only if the "designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind.Trial Rule 56(C). *E.g., Nobles v. Cartwright* (1995) Ind.App., 659 N.E.2d 1064, 1069; *Parker by Parker v. State Farm Mut. Auto. Ins. Co.* (1994) Ind.App., 630 N.E.2d 567, 569, *trans. denied.* The burden to demonstrate the absence of a material fact falls upon the party moving for summary judgment. *Kennedy v. Murphy* (1995) Ind., 659 N.E.2d 506, 506; *Intelogic Trace Texcom Group v. Merchants Nat'l Bank* (1993) Ind. App., 626 N.E.2d 839, 842, *trans. denied.* Once the movant has made a prima facie showing that there is no genuine issue of material fact, the burden falls upon the nonmoving party to identify a factual dispute which would preclude summary judgment. *Kennedy, supra; Intelogic Trace Texcom Group, supra.* In response to a properly supported motion for summary judgment, the adverse party may not rest upon the mere allegations of his pleadings, but must

designate to the trial court each material issue of fact which the party asserts precludes summary judgment and the relevant evidence pertaining to such issue or issues. T.R. 56(C), (E).

■ In ruling on a summary judgment motion, a trial court must rely upon the pleadings, depositions, answers to interrogatories, admissions, affidavits, and other evidentiary matters designated by the parties pursuant to T.R. 56(C). *Parker, supra,* 630 N.E.2d at 569. Appellate review is similarly limited. Thus, we may not reverse a grant of summary judgment on the ground that there is a genuine issue of material fact unless the material fact and the evidence relevant thereto shall have been specifically designated to the trial court. T.R. 56(H); *Parker, supra.* When reviewing a grant of summary judgment, we apply the same standard as the trial court, resolving any fact or inference in favor of the non-movant. *Dzvonar v. Interstate Glass Co.* (1994) Ind.App., 631 N.E.2d 516, 518, *trans. denied.*

■ In filing his second motion for partial summary judgment, Bates designated specific paragraphs of both his complaint and the first summary judgment order, along with the notes, the mortgages, the trust agreement, and indentures for the properties from Abbott individually to Abbott as trustee. Abbott filed a response in opposition to Bates' summary judgment motion "for the reason that there are genuine issues of material fact with reference to the issue of fraud." Record at 105. A document entitled "Defendant's Designations of Evidentiary Material" was filed with Abbott's response, listing three items: Abbott's answer to Bates' complaint and her affirmative defenses alleging "fraud, duress, misrepresentation, and failure of consideration";[3] a five-page affidavit by

---

2. In entering an order for partial summary judgment, a trial court "shall thereupon make an order specifying the facts that appear without substantial controversy ... and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established[.]" T.R. 56(D) To facilitate further proceedings, "the better practice as suggested by the trial rule is for the court to enter a written order specifying the matters disposed of and designating the issues remaining

for litigation." *Hinds v. McNair* (1980) Ind.App., 413 N.E.2d 586, 607 n. 19.

3. Abbott's responsive pleading merely states "that the note and mortgage herein were secured by fraud", without providing any details as to the circumstances of the alleged fraud as required by T.R. 9(B). Record at 29. Indiana Trial Rule 9(B) provides that in all averments of fraud, the circumstances constituting fraud must be stated with particularity. *Peoples Trust & Sav. Bank v.*

Abbott; and a two-page affidavit by Robak. Record at 122. Each item was designated in its entirety without citation to specific pages or paragraphs.

Upon appeal, Bates argues that the evidentiary material submitted by Abbott was improperly designated and fails to demonstrate the existence of a genuine issue of material fact. Indiana Trial Rule 56(C) requires each party to a summary judgment motion to "designate to the court" all evidentiary matters on which it relies for purposes of supporting or opposing the motion. The language of the rule, however, permits the parties to determine *how* to designate, which has engendered "a lack of consensus within both the bench and bar as to *what must be done* to designate evidentiary materials to the trial court in support of or in opposition to a motion for summary judgment." *National Bd. of Examiners for Osteopathic Physicians and Surgeons, Inc. v. American Osteopathic Ass'n* (1994) Ind.App., 645 N.E.2d 608, 615 (emphasis supplied). Consensus is clear, however, that the rule requires specificity, *Id.*, and "as long as the trial court is apprised of the specific material on which the parties rely either in support of or in opposition to the motion then the designation requirement has been met." *Mid State Bank v. 84 Lumber Co.* (1994) Ind. App., 629 N.E.2d 909, 913.

■ As a general rule, designating pleadings, discovery materials, and affidavits in their entirety will fail to meet the specificity required by T.R. 56(C). *Plummer v. Board of Comm'rs of St. Joseph County* (1995) Ind.App., 653 N.E.2d 519, 522, *trans. denied; National Bd. of Examiners, supra,* 645 N.E.2d at 615; *Dzvonar, supra,* 631

N.E.2d at 518; *Intelogic Trace Texcom Group, supra,* 626 N.E.2d at 842 n. 4. Even if entire portions of the record are designated, however, the designation will not fail for lack of specificity if more detailed references to the record are provided in accompanying memoranda. *Plummer, supra,* 653 N.E.2d at 522. Thus, a party in an accompanying memorandum may designate an affidavit either by providing specific page numbers and paragraph citations, *Auffenberg v. Board of Trustees of Columbus Regional Hosp.* (1995) Ind.App., 646 N.E.2d 328, 331; *National Bd. of Examiners, supra* at 616; *Marshall v. Blue Springs Corp.* (1994) Ind.App., 641 N.E.2d 92, 95, or by specifically referring to the substantive assertions relied upon, *Jobes v. Tokheim Corp.* (1995) Ind.App., 657 N.E.2d 145, 148.

Here, neither the "Defendant's Designations of Evidentiary Material" nor Abbott's memorandum in opposition to Bates' motion specifically cited page and paragraph numbers in the affidavits. However, the memorandum recited some of the facts provided by Abbott and Robak in their affidavits, asserting that from these facts, the court could draw the inference that Abbott's signature on the mortgage was procured by misrepresentation, fraud or deceit.

■ Aside from this conclusory statement, Abbott's memorandum delves no further into how the designated evidence relates to particular elements of fraud. We note that in summary judgment proceedings, as at trial, the burden of establishing the existence of material affirmative defenses is on the defendant. *Celina Mutual Ins. Co. v. Forister* (1982) Ind.App., 438 N.E.2d 1007, 1009;

*Humphrey* (1983) Ind.App., 451 N.E.2d 1104, 1110 (quoting 1 W. Harvey, *Indiana Practice* § 9.2 at 542 (1969)). In order to allege fraud sufficiently, the pleadings must state the time, the place, the substance of the false representations, the facts misrepresented, and identification of what was procured by fraud. *Rogers v. R.J. Reynolds Tobacco Co.* (1990) Ind.App., 557 N.E.2d 1045, 1055, *reh'g denied.* The word "fraud" need not necessarily be alleged, if the facts alleged show either actual or constructive fraud. *Employers Ins. of Wausau v. Commissioner of Dep't of Ins.* (1983) Ind.App., 452 N.E.2d 441, 447. A pleading which fails to comply with the special requirements of T.R. 9(B) does not

state a claim upon which relief can be granted or a sufficient defense. *Cunningham v. Associates Capital Serv. Corp.* (1981) Ind.App., 421 N.E.2d 681, 683 n. 2. Although Abbott has failed to aver fraud specifically as required by T.R. 9, Bates does not challenge the sufficiency of the pleadings. Thus, we will infer that all parties considered the pleadings to have sufficiently averred a fraud defense. *See Wisconics Eng'g, Inc. v. Fisher* (1984) Ind.App., 466 N.E.2d 745, 754 n. 5. Instead, the dispute upon appeal revolves around whether the portions of the affidavits designated by Abbott's memorandum are sufficient to show a factual issue of fraud for purposes of summary judgment.

*Henry B. Gilpin Co. v. Moxley* (1982) Ind. App., 434 N.E.2d 914, 919. In order to meet this burden, a defendant must show that a genuine issue of material fact exists as to *each* element of the asserted affirmative defense. *Schrader v. Mississinewa Comm. Sch. Corp.* (1988) Ind.App., 521 N.E.2d 949, 952–53, *trans. denied.* When the moving party files materials establishing the lack of any issue of material fact, the non-movant may not rely upon his pleadings to demonstrate his affirmative defenses, but must bring forth specific facts, by affidavit or otherwise, to show a genuine issue for trial. *See Cunningham v. Associates Capital Serv. Corp.* (1981) Ind.App., 421 N.E.2d 681, 683. We will affirm a grant of summary judgment if the defendant, in opposition to the plaintiff's summary judgment motion, failed to designate any evidence from which the trial court could infer the elements of the asserted affirmative defense. *Huff v. Langman* (1995) Ind.App., 646 N.E.2d 730, 732.

■■■ It is unclear from the designated materials whether Abbott is attempting to assert that a genuine issue of material fact exists as to actual fraud or constructive fraud. Although these types of fraud share many of the same elements,[4] they are not indistinguishable, and a party who is asserting actual fraud in a summary judgment proceeding must demonstrate a genuine issue of material fact as to each of the elements of actual fraud. The same is true for a party who is asserting constructive fraud. Abbott is, in essence, asking us to sift through the facts and construct a case against Bates for her. We are reluctant to do so in light of the T.R. 56(C) requirement that a party opposing a summary judgment motion designate *each* material issue of fact precluding summary judgment and the relevant evidence thereto. T.R. 56(C). Whether Bates made the type of representation on which an action for fraud may be based, whether the representations were false, and whether Abbott justifiably relied on the representations to her detriment are distinct factual issues which must be demonstrated by Abbott in order to defeat summary judgment.

■■■ Nevertheless, under a liberal reading of T.R. 56(C), Abbott has—at a bare minimum—met the designation requirement as to her fraud defense by apprising the trial court in her memorandum of the specific material on which she relied. *See Mid State Bank, supra,* 629 N.E.2d at 913. Although the better practice would have been for Abbott to clearly and succinctly state the material factual issues and pertinent parts of the record relevant to each element of fraud, our courts have recognized that a non-moving party asserting an affirmative defense may meet its burden of demonstrating a genuine factual issue by designating evidence from which the trial court could infer the elements of the defense. *See Huff, supra,* 646 N.E.2d at 732.

■■■ Our inquiry does not end there, however. A grant of summary judgment is

---

4. The essential elements of actionable fraud are the same whether denominated as a claim or as a defense. *Barnd v. Borst* (1982) Ind.App., 431 N.E.2d 161, 169. Actual fraud consists of the following elements: 1) a material misrepresentation of past or existing facts; 2) made with knowledge or reckless ignorance of falsity; and 3) which caused the claimant to rely upon the misrepresentation to the claimant's detriment. *Jackson v. Blanchard* (1992) Ind.App., 601 N.E.2d 411, 418. Actual fraud may not be predicated upon broken promises or representations as to future conduct. *Maynard v. 84 Lumber Co.* (1995) Ind.App., 657 N.E.2d 406, 409; *Nestor v. Kapetanovic* (1991) Ind.App., 573 N.E.2d 457, 458; *Wisconics Eng'g, Inc. v. Fisher* (1984) Ind. App., 466 N.E.2d 745, 756.

Unlike actual fraud, constructive fraud may be based upon promissory misrepresentations. *Nestor, supra* at 459. The elements of constructive fraud are: 1) a duty existing by virtue of the relationship between the parties; 2) representations or omissions made in violation of that duty; 3) justifiable reliance by the complaining party which proximately resulted in injury; and 4) the gaining of an advantage by the party to be charged at the expense of the complaining party. *Maynard, supra,* 657 N.E.2d at 410; *McDaniel v. Shepherd* (1991) Ind.App., 577 N.E.2d 239, 242. A confidential relationship between the parties is not essential to a finding of constructive fraud. *Scott v. Bodor, Inc.* (1991) Ind.App., 571 N.E.2d 313, 323–24; *McDaniel, supra.* Our courts have also recognized that a constructive fraud may be based upon the positive affirmations made by a seller to potential purchaser when no other relationship exists between the parties. *Plohg v. NN Investors Life Ins. Co.* (1992) Ind.App., 583 N.E.2d 1233, 1236, *trans. denied; Scott, supra* at 324.

clothed with a presumption of validity, and the appealing party bears the burden of persuasion. *Drake by Drake v. Mitchell Community Sch.* (1995) Ind., 649 N.E.2d 1027, 1029. The appellate rules place certain responsibilities upon a party appealing a lower court's decision. Upon appeal,

> "[e]ach error that appellant intends to raise ... shall be set forth specifically and followed by the argument applicable thereto.... The argument shall contain the contentions of the appellant with respect to the issues presented, the reasons in support of the contentions along with citations to the authorities ... and a clear showing of how the issues and contentions in support thereof relate to the particular facts of the case under review." Ind.Appellate Rule 8.3(A)(7).

■ The requirement in our appellate rules that a party provide argument with adequate citation to authority promotes impartiality and affords opposing parties a fair opportunity to respond. *Keller v. State* (1990) Ind., 549 N.E.2d 372, 373. The law is well settled that where appellants fail to present any authority in support of their arguments, we may decline to address their appeal on the merits. *Terpstra v. Farmers and Merchants Bank* (1985) Ind.App., 483 N.E.2d 749, 754, *trans. denied.* In determining whether an appellant has made his arguments with sufficient clarity to permit our consideration, we look to whether the brief is so deficient that we are required to make the appellant's argument on his behalf. *Shewmaker v. Etter* (1994) Ind.App., 644 N.E.2d 922, 930, *op. adopted on trans.,* (1995) Ind., 659 N.E.2d 1021. "[A] court which must search the record and make up its own arguments because a party has presented them in a perfunctory form runs the risk of being an advocate rather than an adjudicator." *Keller, supra.*

■ While we have endeavored to consider Abbott's fraud argument upon its merits, the deficiencies in her appellate briefs preclude meaningful review of this issue. The sole authority cited in relation to her fraud defense is a passage from the Indiana Law Encyclopedia stating that a mortgage is unenforceable if the mortgagor was induced by fraud to execute the mortgage. Although her appellant's brief recites the events and representations surrounding the execution of the mortgages, Abbott does not even attempt to demonstrate, through either authority or argument, how these events and representations relate to the elements of a fraud defense or show a genuine issue of material fact regarding *any* element of either actual fraud or constructive fraud. The sum of Abbott's argument in her appellate brief consists of the following bald assertions: "The issue is the manner by which the signature was secured. Material to this issue is whether the signature of Abbott was secured freely and voluntarily. It is submitted that the signature of Abbott was secured by duress, misrepresentation and/or fraud." Appellant's Brief at 11. Abbott's reply brief also fails to address the elements of her fraud defense, merely reciting the facts and noting that a mortgage is void if secured by fraud.

■ Upon appeal, we will liberally construe the evidence designated by the nonmovant to ensure that he is not improperly denied his day in court. *Rosi v. Business Furniture Corp.* (1993) Ind., 615 N.E.2d 431, 434 n. 2. We will not, however, become an advocate for a party. *Terpstra, supra,* 483 N.E.2d at 754. Throughout the course of these proceedings, Abbott has had ample opportunity to pursue her affirmative defense of fraud, but has consistently failed to do so.

Abbott's conclusory assertion that a genuine issue of material fact exists as to fraud is not such argument as is required by App.R. 8.3(A)(7). *See Martin Chevrolet Sales v. Dover* (1986) Ind.App., 501 N.E.2d 1122, 1128. Accordingly, we affirm the trial court's grant of summary judgment with respect to her fraud defense.

### III. *Duress*

■ As to her affirmative defense of duress, Abbott failed to meet the specificity required by T.R. 56(C) in order to place the issue before the trial court. Our review of the record reveals two references to duress in the materials Abbott filed in opposition to Bates' second summary judgment motion. The first reference was in her "Designations

of Evidentiary Material," in which she designated her answer and affirmative defenses in their entirety; the second reference was a conclusory statement in her memorandum that "the mortgage instrument ... to be effective, must be done freely, voluntarily and knowingly and without threat, duress, misrepresentation or fraud". Record at 120–21. Abbott's memorandum did not, however, refer to specific assertions in the affidavits which supported her affirmative defense of duress; instead, the focus of her memorandum appears to be her fraud defense. Thus, Abbott failed to specifically designate any evidence relating to duress and the trial court did not err in granting summary judgment. *Cf. Morris v. McDonald's Corp.* (1995) Ind.App., 650 N.E.2d 1219, 1221 (movant waived issue because it was mentioned in only one unsupported sentence of its motion for summary judgment).[5]

The judgment of the trial court is affirmed.

FRIEDLANDER and RUCKER, JJ., concur.

---

5. Even if the assertions in Abbott's affidavit supported her affirmative defense of duress, we could not reverse because Abbott failed to specifically designate to the trial court any evidence supporting this defense. A grant of summary judgment may not be reversed on the ground that there is a genuine issue of material fact unless the material fact and the relevant evidence were specifically designated to the trial court. T.R. 56(H). *E.g., National Bd. of Examiners, supra,* 645 N.E.2d at 616 (improperly designated materials will not support a reversal of summary judgment).