## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 21 2018, 8:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Gary M. Selig
Law Office of Gary M. Selig, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Aaron T. Craft
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Timothy Cooper,

*Appellant-Plaintiff,*

v.

Indiana Department of Correction,

*Appellee-Defendant.*

June 21, 2018

Court of Appeals Case No.
49A02-1712-CT-2801

Appeal from the Marion Superior Court

The Honorable Michael D. Keele, Special Judge

Trial Court Cause No.
49D07-1602-CT-6542

**Bailey, Judge.**

# Case Summary

[1] Timothy Cooper ("Cooper") appeals the entry of summary judgment for the Indiana Department of Correction ("DOC") in his civil lawsuit. The sole issue he raises on appeal is whether the DOC was entitled to judgment as a matter of law.[1] However, we hold that Cooper has waived that issue by failing to make cogent argument and cite legal authority as required by Indiana Appellate Rule 46(A)(8).

[2] Affirmed.

# Facts and Procedural History

[3] On October 2, 2005, the State charged Cooper with failure to register as a sex offender, as a Class D felony,[2] in Marion County Cause No. 49F09-0509-FD-167240 ("Cause No. 167240"), and the Marion County Superior Court issued a warrant for Cooper's arrest that same day.

[4] On December 11, 2013, the LaPorte Circuit Court sentenced Cooper in LaPorte County Cause No. 46C01-1304-FD-1157 ("Cause No. 1157") to 540

---

[1] Although Cooper's "Statement of Issues" states, "Whether there existed material issues of fact that would preclude entry of Summary Judgment against" him, his briefs do not point to any contested issues of material fact. Rather he contends that the trial court erred in failing to find a duty of care, which is a matter of law. *J.B. Hunt Transport, Inc. v. Guardianship of Zak*, 58 N.E.3d 956, 971 (Ind. Ct. App. 2016), *trans. denied*.

[2] Ind. Code § 11-8-8-17 (2005).

days imprisonment for failure to register as a sex offender as a Class D felony.[3] On January 22, 2014, Cooper arrived at the DOC's Reception Diagnostic Center ("RDC") where he was interviewed by Classification Specialist Rian Clinton ("Clinton") pursuant to standard DOC procedure. Clinton prepared a Diagnostic and Classification Summary, dated January 28, 2014, which indicated that Cooper had "no detainers." *Id*. at 38. That conclusion was based on Clinton's review of the Pre-Sentence Investigation Report ("PSI") and a search of the Indiana Data and Communications System ("IDACS"), neither of which disclosed any detainers or outstanding warrants for Cooper.

[5] On February 3, 2014, the DOC transferred Cooper from the RDC to Westville Correctional Facility ("WCF"), where he remained until his release on February 25, 2014. On February 5, DOC Caseworker Elizabeth Malstaff ("Malstaff") met with Cooper and checked the DOC's Offender Information System ("OIS") to determine whether Cooper had any outstanding warrants. Malstaff found none.

[6] On February 11, Cooper signed a conditional parole release agreement which provided that, upon his release from DOC custody on February 26, Cooper would report to Brother's Keeper in Gary. The release also provided that Cooper would "make every effort to remain gainfully employed" after his

---

[3] I.C. § 11-8-8-17 (2013).

release. Appellee's App. at 66. Cooper had "a job lined up" that was to begin when he was released. Appellant's App. at 113.

[7] On February 20, Rhonda Williamson ("Williamson"), a Release Specialist in the DOC's Sentence Computation/Release Unit, received a copy of Cooper's release paperwork from WCF. While processing the release paperwork, Williamson checked the Justice Information System of Indianapolis/Marion County ("JUSTIS") and discovered that Cooper had an outstanding arrest warrant under the Marion County Case, Cause No. 167240. Williamson contacted Release Assistant Linda Jeffers ("Jeffers") at WCF and informed her that Cooper had an outstanding warrant in Marion County. Jeffers then contacted the Marion County Sherriff's Department who informed her that Marion County would pick up Cooper on his release date.

[8] On February 21, Jeffers met with Cooper and informed him that the Marion County Sheriff's Department would pick him up from WCF on his release date, due to the outstanding arrest warrant in Marion County. Cooper then signed a revised conditional parole release agreement which provided that he was to report to Brother's Keeper upon his release from the Marion County Jail.

[9] On February 25, the DOC released Cooper from WCF and into the Marion County Sheriff's custody. Cooper remained in the Marion County Jail for eighty-six days, at which time the Marion County Prosecutor filed a motion to dismiss the charges in Cause No. 167240 and Cooper was released from jail.

[10] On February 23, 2016, Cooper filed a complaint against the DOC, alleging that the DOC was negligent because it "should have known or reasonably could have ascertained that [Cooper] had a detainer and/or hold from … Marion County and should have informed him of this fact" earlier than it did. Appellant's App. at 12. The complaint further alleged that, because Cooper did not have employment upon his release from jail, he could not afford his diabetes medication, which he believed resulted in his hospitalization for an infection in July 2014. Cooper sought damages from the DOC for "being held in the Marion County Jail for 86 days, not being able to be gainfully employed upon being released, loss of wages, pain, suffering[,] and mental anguish." *Id*. at 13.

[11] On June 30, 2017, the DOC moved for summary judgment on Cooper's civil complaint partially on the grounds that the DOC had no duty of care as to Cooper.[4] On August 25, Cooper filed his response to the motion for summary judgment, which included his affidavit. Cooper contended in his affidavit that he was not aware of the outstanding Marion County arrest warrant until Jeffers advised him of it on February 21, 2014. He contended that, had he known about the detainer "2 or 3 weeks earlier," he would have "had a realistic opportunity" to challenge the validity of the detainer. *Id*. at 113. He argued that, because of the DOC's alleged untimely notice to him of the detainer, he was taken into custody in Marion County and that "caus[ed] [him] to forfeit the

---

[4] The DOC also raised various affirmative defenses.

employment and living arrangements [he] had made." *Id*. at 114. The trial court held oral argument on the summary judgment motion on November 13 and granted the DOC's motion on that same day. This appeal ensued.

## Discussion and Decision

[12]     Cooper challenges the entry of summary judgment in the State's favor; specifically, he contends that the trial court erred in finding the DOC did not owe him a duty of care and, thus, could not be negligent.[5] We review de novo whether a trial court properly granted summary judgment. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). However, we do not reach the merits of Cooper's appeal because he has waived his only claim.

[13]     Indiana Appellate Rule 46(A)(8) requires that each contention made in the argument section of an appellant's brief "must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on." This means that an appellant's argument section must contain

> a clear presentation of appellant's contentions with respect to the issues presented, the reasons in support of the contentions with any applicable citation to authorities, statutes, and parts of the

---

[5] To premise a recovery on a theory of negligence, a plaintiff must establish (1) a duty owed to the plaintiff by the defendant, (2) a breach of the duty, and (3) an injury proximately caused by the breach of duty. *Pfenning v. Lineman*, 947 N.E.2d 392, 398 (Ind. 2011). "Absent a duty, there can be no breach, and therefore, no recovery for the plaintiff in negligence." *Id*.

record relied upon, and a clear showing of how the issues and contentions relate to particular facts of the case under review.

*Dortch v. Lugar*, 266 N.E.2d 25, 44 (Ind. 1971) (explaining former Appellate Rule 8.3, the precursor to current Rule 46), *abrogated on other grounds by Collins v. Day*, 644 N.E.2d 72 (Ind. 1994). We will not review undeveloped arguments, for "a court which must search the record and make up its own arguments because a party has presented them in perfunctory form runs the risk of being an advocate rather than an adjudicator." *Keller v. State*, 549 N.E.2d 372, 373 (Ind. 1990). Thus, "[i]t is not sufficient for the argument section that an appellant simply recites facts and makes conclusory statements without analysis or authoritative support." *Kishpaugh v. Odegard*, 17 N.E.3d 363, 373 n.3 (Ind. Ct. App. 2014).

[14] Cooper's brief does just that. His "legal analysis" section of his brief is a little over one page long. In it, he makes the bald assertion that the DOC assumed a duty of care by requiring inmates to make arrangements for work after incarceration, and that "duty of care" required the DOC to "determine in a timely manner whether there were any detainers or holds on the prisoner preventing their release." Appellant's Br. at 8. Cooper cites no legal authority for these claims. Rather, he cites one case for the proposition that the existence of a duty of care is a question of law, and one case defining detrimental reliance as "a plaintiff's reasonable reliance on the defendant's misrepresentation." *Id.* at 8-9 (citing *BSA Const. LLC v. Johnson*, 54 N.E.3d 1026, 1029 (Ind. Ct. App. 2016), and *Munsell v. Hambright*, 776 N.E.2d 1272, 1281 (Ind. Ct. App. 2002)).

Neither of those cases supports his claim that the DOC owed him a duty of care.

[15] Cooper contends that he does not provide legal authority for his claim that the DOC assumed a duty of care because that contention "may in fact be a matter of first impression." *Id*. at 9 n.2. However, even when there is a lack of legal authority directly on-point, an appellant must provide cogent argument and legal analysis. *See South Bend Tribune v. Elkhart Cir. Ct.*, 691 N.E.2d 200, 202 n.6 (Ind. Ct. App. 1998), *trans denied*. Without such development of the argument, an appellant puts the reviewing court in the position of having to make his arguments for him—which we will not do. *See, e.g.*, *Abbott v. Bates*, 670 N.E.2d 916, 924 (Ind. Ct. App. 1996).

[16] And Cooper's reply brief did not cure the defects in his argument. The State attempted to make some sense of Cooper's argument by discussing the "assumed duty [of care] doctrine" and why it does not apply here. Appellee's Br. at 21-22 (citing *South Shore Baseball, LLC v. DeJesus*, 11 N.E.3d 903 (Ind. 2014), and *Yost v. Wabash College*, 3 N.E.3d 509 (Ind. 2014)). The State also engaged in the *Webb v. Jarvis*, 575 N.E.2d 992 (Ind. 1991), *disapproved on other grounds by Goodwin v. Yeakle's Sports Bar and Grill, Inc.*, 62 N.E.3d 384 (Ind. 2016), analysis to show why we should not recognize any new common law duty of care in this case. *Id*. at 24-28. However, in his reply brief, Cooper did not respond at all to the State's argument regarding the assumed duty of care doctrine. And, in an apparent contradiction of his earlier claim that the duty of care here is a matter of first impression, he contended that the *Webb* analysis

does not apply in this case because the duty of care has already been recognized. Appellee's Reply Br. at 6. But, again, Cooper did not provide us with any legal authority for his claim that such a duty exists.

[17] A duty of care exists only as a matter of law. *E.g., J.B. Hunt Transport, Inc. v. Guardianship of Zak*, 58 N.E.3d 956, 971 (Ind. Ct. App. 2016) (quotation and citation omitted) ("It is well established that the duty to exercise care for the safety of another arises as a matter of law out of some relationship existing between the parties."), *trans. denied*. Therefore, either the alleged duty of care at issue in this case has already been legally recognized, in which case Cooper must provide us with legal authority for its existence; or such a duty of care does not yet exist, in which case Cooper must engage in the *Webb* legal analysis and make a cognizable argument to show why we should recognize a new common law duty of care. *See Rogers v. Martin*, 63 N.E.3d 316, 323-24 (Ind. 2016) (noting the *Webb* analysis applies only when there does not already exist a recognized duty of care). Cooper has done neither.[6] And, "although failure to comply with the appellate rules does not necessarily result in waiver of an issue," waiver is appropriate where, as here, "the noncompliance impedes our appellate review." *In re Moeder*, 27 N.E.3d 1089, 1097 n.4 (Ind. Ct. App. 2015), *trans. denied*.

---

[6] Cooper's cursory contention in his reply brief that, if *Webb* applies, the first two factors of the *Webb* analysis "seem to" be in his favor does not provide cogent argument or legal analysis. *Id*. That is, he does not state how the relationship of the parties created a duty of care or how the harm to him was foreseeable.

# Conclusion

[18] Because Cooper has provided no cogent argument, legal authority, or legal analysis for his claim that the DOC assumed a duty of care for him, he has waived that claim on appeal.[7]

[19] Affirmed.

Crone, J., and Brown, J., concur.

---

[7] Because we hold that Cooper has waived his duty of care claim, we do not address the State's other defenses, i.e., statute of limitations, contributory negligence, and quasi-judicial immunity. We note, however, that Cooper also failed to provide cogent argument as to any of those defenses.