**Mary A. MORRIS and Delbert M. Morris, Appellants–Plaintiffs,**

v.

**McDONALD'S CORPORATION and GBS Restaurants, Inc., Appellees–Defendants.**

**No. 53A04–9408–CV–317.**

Court of Appeals of Indiana.

June 8, 1995.

**1220**

Robert A. Hutchens, Danville, IN, for appellants.

William H. Kelley, Kelley, Belcher & Brown, Bloomington, IN, for appellees.

## OPINION

CHEZEM, Judge.

### Case Summary

Appellants–Plaintiffs, Mary A. Morris ("Morris") and Delbert M. Morris (collectively, the "Morrises") appeal the granting of summary judgment to Defendant, McDonald's Corporation ("McDonalds"). We reverse.

### Issues

The Morrises present one issue for our review which we restate as follows: Whether indemnity and exculpatory clauses contained in a franchise agreement/lease shield a franchisor from suit by a third party.

■ McDonalds raises two additional issues. The first issue alleged that the court of appeals does not have jurisdiction because the summary judgment was partial. However, the trial court has since granted an order to certify and to direct entry of final judgment on the trial court's ruling on McDonalds' motion for summary judgment. Therefore, an appealable final order has been rendered. *See* Ind.Trial Rules 56(C) and 54(B).

■ The second issue of whether McDonalds had a legal duty to the Morrises, is waived because it was not properly presented to the trial court. The question of duty was mentioned in only one unsupported sentence of McDonalds' motion for summary judgment. "A party cannot change its theory and on appeal argue an issue which was not properly presented to the trial court." *Franklin Bank & Trust Co. v. Mithoefer* (1990), Ind., 563 N.E.2d 551, 553.

### Facts and Procedural History

On February 13, 1993, Morris entered a McDonalds restaurant in Bloomington, Indiana, and purchased food and drink. While carrying her tray toward a seat, Morris tripped upon a six inch step up to a raised platform dining area, fell upon the tile floor, and suffered personal injuries.

On June 16, 1993, the Morrises filed a complaint alleging claims of negligence, nuisance, and loss of services against franchisor McDonalds and franchisee GBS Restaurants, Inc. ("GBS"). On August 6, 1993, McDonalds and GBS filed an answer denying liability and asserting that the Morrises were barred from recovery because the contributory fault of Morris was greater than the fault of the Defendants.

On November 3, 1993, McDonalds filed a motion for partial summary judgment. In that motion, McDonalds argued that it should be dismissed as a party-defendant because the indemnity and exculpation clauses contained in McDonalds' lease with GBS shielded McDonalds from liability to a third party. McDonalds' summary judgment motion was granted on June 28, 1994.

### Discussion and Decision

Summary judgment was improper, argue the Morrises, because the provisions of a contract to which they were not parties, do not bind them or determine their right to sue. We agree.

■■ When reviewing the grant or denial of summary judgment, we stand in the trial court's shoes and consider the same matters it considered. *Economy Fire & Casualty Co. v. Collins* (1994), Ind.App., 643 N.E.2d 382, 384, *reh. denied.* We look to see whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Id.* We base our decision upon the Rule 56(C) materials properly designated to the trial court. *Id.*

In the present case, the facts are essentially undisputed. The question which divides the parties is whether the following clauses shield McDonalds from the Morrises' suit:

7.02 Indemnity for Litigation: If [McDonalds] shall be subject to any claim, demand or penalty or become a party to any suit or other judicial or administrative proceeding by reason of ... any act occurring on the Premises, or by reason of an omission with respect to the business or operation of the Restaurant, [GBS] shall indemnify and hold [McDonalds] harmless against all judgments, settlements, penalties, and expenses, including reasonable attorney's fees, court costs and other expenses of litigation or administrative pro-

ceedings, incurred by or imposed on [McDonalds] in connection with the investigation or defense relating to such claim or litigation or administrative proceeding, and, at the election of [McDonalds], [GBS] shall also defend [McDonalds].

\* \* \* \* \* \*

7.03 Waiver of Claims: [McDonalds] and [McDonalds'] agents and employees shall not be liable for, and [GBS] waives all claims for, damage to person or property sustained by [GBS] or any person claiming through [GBS] resulting from any accident or occurrence in or upon the premises or the building of which they shall be a part, or any other part of the entire premise, including but not limited to, claims for damage resulting from: ... (d) any defect in or failure of ... stairs, porches, railings or walks; ...

(R. 55).

 McDonalds argues that when GBS signed the franchise operator's lease and accepted the premises, GBS assumed all liability and agreed to hold McDonalds harmless for any accidents or occurrences upon the premises. It follows then, McDonalds asserts, that GBS's assumption of liability and agreement to hold harmless shields McDonalds from suit by a business invitee injured on the premises.[1] McDonalds' argument demonstrates some confusion between the definition of an exculpatory clause and the definition of an indemnity clause. An exculpatory clause covers the risk of harm sustained by the exculpator (here, GBS) that might be caused by the exculpatee (here, McDonalds). *See, e.g., Weaver v. American Oil Co.* (1970), Ind.App., 261 N.E.2d 99, 102, *superceded on other grounds by Weaver v.*

*American Oil Co.* (1971), 257 Ind. 458, 276 N.E.2d 144. By releasing the exculpatee from liability for such harm, an exculpatory clause deprives the exculpator of its right to recover damages for the exculpatee's negligence. Hence, by signing the "Waiver of Claims" provision, GBS relinquishes its right to hold McDonalds liable for McDonalds' acts of negligence toward GBS.

 On the other hand, an indemnity clause covers the risk of harm sustained by third persons that might be caused by either the indemnitor or the indemnitee. It shifts the financial burden for the ultimate payment of damages from the indemnitee to the indemnitor. 261 N.E.2d 99, 102. Thus, the "Indemnity for Litigation" provision in the franchise operator's lease covers the risk of harm sustained by third persons that might be caused by either GBS or McDonalds. GBS's agreement to the indemnity clause insures that if a third party sues McDonalds to recover for an injury sustained on the leased premises, GBS will ultimately carry the financial burden for McDonalds. Hence, in the present case, if the Morrises eventually prevail against McDonalds, GBS will pay any judgment, costs, fees, etc., levied against McDonalds. If the Morrises are unsuccessful, GBS will still pay McDonalds' costs to defend the matter.

 What neither an exculpatory nor an indemnity clause does is shield McDonalds from suit by a third party injured as a result of McDonalds' and/or GBS's negligence. While a party can ordinarily contract out his duty to exercise reasonable care with respect to another contracting party via a simple exculpatory provision, a party cannot contract out his duty to exercise reasonable care

---

1. McDonalds essentially makes the argument which prevailed in *Pitcock v. Worldwide Recycling, Inc.* (1991), Ind.App., 582 N.E.2d 412. In *Pitcock*, a business invitee of a tenant fell on a raised portion of a floor inside a building owned by a landlord. We held that the landlord was properly granted summary judgment in the business invitee's suit. Although, at first blush, the *Pitcock* case appears similar to the present case, important differences lead to a contrary result. In *Pitcock*, a purely landlord-tenant relationship existed. As such, the landlord explicitly surrendered to the tenant complete control and possession of the entire premises. Consequently, the

rule of *caveat lessee* was appropriately applied. In the present case, however, a franchise relationship co-existed with the landlord-tenant relationship. As a result, rather than having anything resembling complete control over the restaurant, GBS is required to abide by McDonalds' terms and conditions, meet its many detailed specifications, and comply with its standards. Thus, because of the lack of control which characterizes franchise agreements, *caveat lessee*— while perfectly appropriate in a non-franchise, purely landlord-tenant relationship—is not properly applied in the present situation.

with respect to third parties. *See Vernon Fire & Casualty Insur. Co. v. Graham* (1975), 166 Ind.App. 509, 336 N.E.2d 829, 832.

In *Vernon,* we addressed the issue of whether a lease required a lessee to indemnify a lessor against the lessor's own negligence. *Id.,* 336 N.E.2d 829 at 830. We arrived at the following conclusions regarding how indemnification and exculpation clauses affect the rights of a lessor, a lessee, and a third person injured on the leased premises:

> [A] third party injured upon the premises might properly recover against lessor for lessor's negligence. The lessor's possible rights as against the lessee in such circumstance must then be fixed not in terms of the purported exculpation but rather in view of any provision for indemnity by the lessee in favor of the lessor. (citations omitted).

*Id.,* 336 N.E.2d 829 at 832.

Accordingly, the indemnity clause and the exculpation clause in the franchise operator's lease govern the relationship between McDonalds and GBS, as parties to the contract. Indisputably, the Morrises were not parties to the franchise operator's lease. Therefore, the exculpatory and indemnity clauses in the operator's lease do not bind or determine the rights of the Morrises. The pertinent clauses merely transfer liability to GBS, *if* liability is established by the Morrises against McDonalds.[2] The clauses cannot insulate McDonalds from suit by a third party.

Reversed.

RILEY and RUCKER, JJ., concur.

---

**2.** We note that the plain language of the relevant clauses supports this result. Clause 7.02 contemplates that if McDonalds is the subject of any suit regarding the restaurant, GBS shall indemnify and hold McDonalds harmless against all judgments, including fees, costs, etc. If McDonalds' interpretation of its exculpation clause, 7.03, was correct, the indemnity provision, 7.02, would be meaningless and/or redundant.