**Freda M. POWELL, Appellant–Plaintiff,**

v.

**AMERICAN HEALTH FITNESS CENTER OF FORT WAYNE, INC., Appellee–Defendant.**

**No. 02A05–9705–CV–192.**

Court of Appeals of Indiana.

April 28, 1998.

Kenneth M. Waterman, Fort Wayne, for appellant-plaintiff.

Thomas J. Goeglein, Robert L. Nicholson, Beckman Lawson Sandler Snyder & Federoff, Fort Wayne, for appellee-defendant.

## OPINION

SHARPNACK, Chief Judge.

Freda Powell appeals a summary judgment granted to American Health Fitness Centers of Fort Wayne ("American Health"). Powell raises several issues which we consolidate and restate as whether the exculpatory clause in the contract between American Health and Powell released American Health from any liability for injuries Powell sustained while on its premises allegedly caused by the negligence of American Health. We reverse and remand.

The facts most favorable to Powell, the nonmoving party, follow. On September 16, 1993, Powell signed a membership agreement ("agreement") to become a member of American Health. The agreement contained an exculpatory clause which read:

"17. DAMAGES: By signing this agreement and using the Club's premises, facilities and equipment, Member expressly agrees that the Club will not be liable for any damages arising from personal injuries sustained by Member or his guest(s) in, on, or about the Club, or as a result of using the Club's facilities and equipment. Member assumes full responsibility for any injuries, damages or losses which may occur to Member or their guest(s) in, on, or about the Club premises or as a result of using the Club's facilities and equipment. Member agrees that the Club shall not be liable for any loss or theft of personal property in or about the Club premises and does hereby fully and forever release and discharge the Club and all associated clubs, their owners, employees and agents from any and all claims, demands, damages, rights of action, or causes of action present or future, whether the same be known or unknown, anticipated or unanticipated, resulting from or arising out of Member's or Member's guest(s) use or intended use of said Club premises, facilities or equipment."

Record, p. 20B. On August 20, 1994, Powell suffered an injury to her foot while using the whirlpool on the premises of American Health.

Powell filed suit against American Health alleging that her injury was caused by its negligence. American Health filed a motion for summary judgment based upon the exculpatory clause. The trial court granted American Health's motion for summary judgment. The court concluded that there was "nothing ambiguous about the language in paragraph 17;" that Powell knowingly signed the membership agreement; and that, as a matter of law, Powell had released American Health from liability for her claims of injury. Record, p. 45.

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The moving party has the initial burden of proving these requirements. *Shumate v. Lycan*, 675 N.E.2d 749, 752 (Ind.Ct. App.1997), *trans. denied*, 683 N.E.2d 595. Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; the opponent may not simply rest on the allegations of the pleadings. *Stephenson v. Ledbetter*, 596 N.E.2d 1369, 1371 (Ind. 1992). On appeal, we are bound by the same standard as the trial court and consider only those matters which were designated at the summary judgment stage of proceedings. *Shumate*, 675 N.E.2d at 752. We do not weigh evidence, but will consider the facts in the light most favorable to the nonmoving party. *Reed v. Luzny*, 627 N.E.2d 1362, 1363 (Ind.Ct.App.1994), *reh'g denied*, *trans. denied*.

▮ Before we address whether the exculpatory clause released American Health from any liability, we consider American Health's argument that Powell has waived this appeal. First, American Health suggests that Powell failed to designate any evidentiary material at the summary judgment stage of proceedings. Powell responds that it relied upon the material designated by American Health. Once evidence has been designated to the trial court by one party, that evidence is

deemed designated and the opposing party need not designate the same evidence. T.R. 56(C). Moreover, Powell referred to the exculpatory clause in her plaintiff's response to motion for summary judgment ("response"). We have previously held:

> "[w]hether the parties designate [evidentiary material] to the court in the summary judgment motion itself, in a separate filing which designates the material, or in a brief in support of (or in opposition to) the motion is within their discretion. As long as the trial court is apprised of the specific material upon which the parties rely in support of or in opposition to a motion for summary judgment, then the material may be considered."

*National Bd. of Exam. v. American Osteopathic Ass'n,* 645 N.E.2d 608, 615 (Ind.Ct. App.1994). Thus, Powell sufficiently designated the exculpatory clause to the trial court. The validity of the exculpatory clause *as a matter of law* is the dispositive issue.

▪ Second, American Health contends that Powell has waived the issue of ambiguity because she failed to present the issue to the trial court during the summary judgment proceedings. However, in her response, Powell argued that one of the genuine issues of material fact was whether she "had knowledge of the exculpatory clause contained in the Membership Agreement...." Record, p. 29. She now claims that because the clause was ambiguous, she did not know that American Health disclaimed any liability for its own negligence. While Powell did not specifically use the term "ambiguous" or "ambiguity" in her response, the ambiguity issue is sufficiently related to whether she knowingly agreed to the exculpatory clause to be considered part of the same argument. Therefore, the issue is not waived.

▪ We now address whether the exculpatory clause released American Health from any liability for injuries Powell sustained while on its premises caused by the alleged negligence of American Health. It is well established in Indiana that "parties are permitted to agree in advance that one is under no obligation of care for the benefit of the other, and shall not be liable for the consequences of conduct which would otherwise be negligent." *Marshall v. Blue Springs Corp.,* 641 N.E.2d 92, 95 (Ind.Ct.App.1994). We have held that "it is not against public policy to enter an agreement which exculpates one from the consequences of his own negligence" where there is no statute to the contrary. *Id.* Neither party has cited any statute which prohibits health clubs from requiring such contracts from their patrons.

▪ Powell claims that the exculpatory clause is invalid because it is ambiguous. We have previously held that "[w]here the terms of a contract are clear and unambiguous, the terms are conclusive and we will not construe the contract, or look at extrinsic evidence, but will merely apply the contract provisions." *Stout v. Kokomo Manor Apartments,* 677 N.E.2d 1060, 1064 (Ind.Ct.App. 1997) (citing *Jackson v. DeFabis,* 553 N.E.2d 1212, 1215 (Ind.Ct.App.1990)). A contract is not ambiguous merely because the parties offer different interpretations of the contract terms. *Id.* Rather, ambiguity exists only when reasonable people reading the contract would arrive at different meanings of the terms. *Id.*

▪ Powell contends that the clause is ambiguous because "it did not explicitly state that a member was releasing the health center from injuries resulting from the health center's own negligence." Appellant's brief, p. 17. This argument is best understood as one of nonspecificity rather than ambiguity.[1] We have previously held that a principle of specificity exists with regard to indemnity contracts that requires "an express stipulation as to the indemnitee's negligence" for the contract provision to be valid. *Indiana State Hwy. Comm. v. Thomas,* 169 Ind.App. 13, 346 N.E.2d 252, 263 (1976).

In *Thomas,* a provision of the contract in question read:

---

1. Powell also states that the clause was "ambiguous because it attempted to release a party from certain claims, but it did not actually do so, and was thus uncertain and not distinct." Appellant's brief, p. 19. We take this as merely a restatement of the nonspecificity argument. If it is not, we need not address it because the nonspecificity argument is dispositive.

"A711. RESPONSIBILITY FOR DAMAGE CLAIMS.

*The Contractor shall indemnify* and save harmless *the State,* the Commission, the Executive Director, and all officers, agents and employees of the Commission *from all suits, actions or claims of any character brought on account of any injuries or damages sustained by any person or property from any neglect in safeguarding the work,* or through the use of unacceptable materials in constructing the work, *or because of any act or omission, neglect or misconduct of said Contractor,* or because of any claims or amount recovered from any infringements of patents, or for any claim or amount arising, or recovered under the 'Workmen's Compensation Law,' or other law, by-law, ordinance or decree and so much of the money due said Contractor under his Contract as shall be considered necessary by the Commission may be retained for the use of the State. In case no money is due the Contractor, his surety shall be held until such suits, actions, or claims for injuries or damages aforesaid shall have been settled and suitable evidence to that effect furnished the Commission."

*Id.,* 346 N.E.2d at 259 (emphasis in original). In concluding that the provision did not indemnify the State from its own negligence, we held that:

"[r]equiring explicit reference to the indemnitee's negligence in a contractual provision which purports to require indemnification therefor comports well with the rule as to the enforcement of such contracts. By hypothesis, such a provision is enforced only if ' "knowingly and willingly" made....' The contractor who knowingly and willingly promises to indemnify the contractee for the latter's negligence may not successfully complain if such a requirement was made explicit by the terms of the contract."

*Id.* at 263 (citations omitted); *see also Moore Heating v. Huber, Hunt & Nichols,* 583

N.E.2d 142, 145 (Ind.Ct.App.1991) (holding that the "indemnity for the indemnitee's own negligence must be specifically, not generally, prescribed"); *Dohm & Nelke v. Wilson Foods Corp.,* 531 N.E.2d 512, 514 (Ind.Ct. App.1988) (holding that language must be clear and unequivocal to obtain indemnification against one's own negligence). We cited *Batson–Cook Co. v. Industrial Steel Erectors,* 257 F.2d 410 (5th Cir.1958) as persuasive. In *Batson,* the Fifth Circuit held that "this general approach is bottomed on the concept that [the negligence of the indeminitee] must be specifically, not generally, prescribed. It is an area in which to cover all does not include one of the parts." *Id.* at 413–414.

We see no reason not to apply that same requirement of specificity to an agreement which is intended to exculpate one party for liability because of its negligence to the other party. We hold that such an exculpatory clause must both specifically and explicitly refer to the negligence of the party seeking release from liability.[2] The exculpatory clause in the instant case does not.

■ Here, the exculpatory clause states that Powell released American Health from liability for "any damages" and placed the responsibility on Powell for "any injuries, damages or losses." Record, p. 20B. In addition, the clause states that Powell "fully and forever release[s] and discharge[s]" American Health "from any and all claims, demands, damages, rights of action, or causes of action present or future ... resulting from or arising out of Member's ... use ... of said Club premises, facilities or equipment." Record, p. 20B. Nowhere does the clause specifically or explicitly refer to the negligence of American Health. As a matter of law, the exculpatory clause did not release American Health from liability resulting from injuries she sustained while on its premises that were caused by its alleged negligence. Therefore, the exculpatory clause is void to the extent it purported to

---

**2.** Powell also asserts that the clause was ambiguous because "it did not use such words as 'negligence', 'fault', or their equivalents." Appellant's brief, p. 17. To the extent we hold that an exculpatory clause must specifically and explicit-

ly refer to the negligence of the party seeking release, we agree. However, we do not address this argument any further as the nonspecificity argument is dispositive.

release American Health from liability caused by its own negligence.[3] *See id.*

Although we have upheld exculpatory clauses which have used similar language, those cases can be distinguished. In *Shumate*[4] and *Terry v. Indiana State University*,[5] 666 N.E.2d 87 (Ind.Ct.App.1996), the nonspecificity of the language in the exculpatory clauses was not put at issue nor addressed. In *Marshall*,[6] the focus of the appeal was that there was a genuine issue of material fact as to whether the releases were signed "willingly" or under economic or other compulsion. *Marshall*, 641 N.E.2d at 96. The nonspecificity of the language used to effect release for the defendant's own negligence was not presented as an issue nor addressed. In *LaFrenz*,[7] we noted "the form and language of the agreement explicitly refers to the appellees' [party released] negligence." *LaFrenz*, 360 N.E.2d at 609. Therefore, had the issue been raised, the language contained the specific and explicit reference to negligence we now hold to be necessary.

We hold that the exculpatory clause does not indemnify or release American Health from claims, damages, or causes of action "from or arising out of Member's or Member's guest(s) use or intended use of said Club premises, facilities or equipment" where the injuries are caused by the negligence of American Health. Record, p. 20B. Thus,

Powell has demonstrated that American Health is not entitled to summary judgment as a matter of law.

For the foregoing reasons, we reverse the judgment of the trial court and remand for further proceedings not inconsistent with this opinion.

Reversed and remanded.

RUCKER and DARDEN, JJ., concur.

3. Powell also claims that the clause is ambiguous "because it purported to release the health center from its own negligence even though it can never release itself from claims which cannot be waived such as for intentional torts, for gross negligence, or for activities involving the public interest." Appellant's brief, p. 19. We have previously upheld a general exculpatory agreement while noting that such "agreements are not construed to cover the more extreme forms of negligence or any conduct which constitutes an intentional tort." *LaFrenz v. Lake Cty. Fair Bd.*, 172 Ind.App. 389, 360 N.E.2d 605, 608 (1977) (citing Prosser, *Law of Torts*, § 68, at 442 (4th Ed.1971)).

4. The clause in *Shumate* stated that the participant released "from any legal liability Turkey Run Saddle Barn and any employees for any injury or death caused by or resulting from [her] participation in the activity of horseback riding...." *Shumate*, 675 N.E.2d at 751.

5. The clause in *Terry* stated that the participant released Indiana State University "from any and all liability, loss, damage, costs, claims, and/or causes of action, including but not limited to all bodily injuries and property damage arising out of participation in the [motorcycle] course referred to above...." *Terry*, 666 N.E.2d at 88–89.

6. The language in *Marshall* stated that the participant released the National Association of Scuba Diving Schools and its member school from "liability for personal injury, property damage or wrongful death caused by negligence." *Marshall*, 641 N.E.2d at 94 (emphasis omitted).

7. The language in *LaFrenz* stated that she agreed to indemnify and hold "the Releasees harmless for 'any loss, liability, damage or cost they may incur due to the presence of the Undersigned in or about the Restricted Area and whether caused by the negligence of the Releasees or otherwise.'" *LaFrenz*, 360 N.E.2d at 607.