Monty R. YOUNG, Personal Representative of the Estate of Michael K. Young, Deceased Appellant–Plaintiff,

v.

TRI–ETCH, INC. d/b/a Sonitrol Security Systems of Muncie, Inc., Appellee–Defendant.

No. 18A02–0109–CV–631.

Court of Appeals of Indiana.

Aug. 7, 2002.

James R. Fisher, Debra H. Miller, Ice Miller, Indianapolis, IN, Attorneys for Appellant.

Andrew P. Wirick, Debra G. Richards, Hume, Smith, Geddes, Green & Simmons, LLP, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

ROBB, Judge.

This case is before us on a petition for rehearing filed by Monty Young, personal representative of the estate of Michael Young ("the estate"), requesting that this court reconsider its decision in *Young v. Tri–Etch, Inc.*, 767 N.E.2d 1029 (Ind.Ct. App.2002). In our original opinion, we held that the trial court did not err in granting summary judgment in favor of Tri–Etch (d/b/a Sonitrol Security Systems of Muncie, Indiana). We grant rehearing for the purpose of clarifying our original opinion in response to the argument in the estate's petition.

The estate makes two main arguments in its petition for rehearing. First, the estate argues *Morris v. McDonald's Corp.*, 650 N.E.2d 1219 (Ind.Ct.App.1995), is binding precedent that conflicts with our decision in *Young*. Next, the estate makes a more general argument that our decision is contrary to public policy. Before addressing these arguments from the estate, we must first note that the estate has included much new argument along with its argument based on our opinion in *Young*. We will not consider here any new arguments: "Generally, a party may not raise an issue on appeal which was not raised in the trial court ... This rule also applies to summary judgment proceedings." *Hardiman v. Governmental Interinsurance Exchange*, 588 N.E.2d 1331, 1333 (Ind.Ct.App.1992), *trans. denied.*

Although the estate cites *Morris* for the first time in the petition for rehearing, we note the principle the estate derives from *Morris* is essentially a restatement of its original argument on appeal: "[C]ontract clauses cannot insulate a contracting party from tort claims by a non-party to the contract." Petition for Rehearing at 2. As we noted in *Young*, the central issue in our case is not whether Tri–Etch could contract out its duty of care to third persons. Instead, the question, which we answered in the affirmative in *Young*, is whether liability limitations in a contract apply to a third party suing in tort when the third party would not have a relationship with the defendant but for the contract. By focusing on language that emphasizes a duty of care to third parties, the estate is again attempting to circumvent the question of whether a relationship exists between Young and Tri Etch that would give rise to liability.

The estate has seized upon the principle from *Morris* that contracts do not completely insulate a party from tort liability that might arise with respect to third parties and urged us to extend this principle to hold that no contract's liability limits can apply to any third parties suing in tort. We will not so extend the rule under the facts of this case. As we stated in our original opinion, Tri–Etch would have had no relationship with Young at all were it not for the service contract between Muncie Liquors and Tri–Etch. Thus, the liability limitations in the contract are controlling over Young's claim against Tri–Etch.

The estate next argues our decision in *Young* is an overbroad and incorrect state-

**300**

ment of Indiana law when contrasted with certain other negligence cases. The estate notes under *Kostidis v. General Cinema Corp. of Indiana*, 754 N.E.2d 563 (Ind. App.2001), that:

> [A] snow removal contractor owes a duty to third persons to perform its snow removal work with reasonable care ... It also owes such a duty when it gratuitously performs snow removal work outside the scope of the contract ... In that situation, as in [*Young* ], the injured person would have no relationship with the tortfeasor but for the undertaking to provide services.

Petition for Rehearing at 3. In *Young,* we noted the lack of relationship between Young and Tri–Etch but for the service contract. Thus, it seems the estate is now suggesting in response that the lack of relationship between Young and Tri–Etch but for the contract should not be prohibitive of a finding of a duty owed to Young by Tri–Etch. As we noted in *Young,* we do not need to reach the question of the existence of duty in this case because any duty that might exist would arise out of the service contract and would thus be bound by contract terms.

We affirm our previous opinion in all respects.

KIRSCH, J., and RILEY, J., concur.