**CITY OF HAMMOND, Hammond Civic Center, and Hammond Parks Board, Appellants–Defendants,**

v.

**Martha PLYS, Appellee–Plaintiff.**

No. 45A05–0712–CV–746.

Court of Appeals of Indiana.

June 24, 2008.

Publication Ordered July 17, 2008.

Paul A. Rake, John M. McCrum, Megan C. Brennan, Eichhorn & Eichhorn, LLP, Hammond, IN, Attorneys for Appellants.

Michael D. Babcock, Layer Tanzillo Stassin & Babcock, P.C., Dyer, IN, Attorney for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

The City of Hammond, the Hammond Civic Center, and the Hammond Parks Board (collectively, "the Hammond defendants") appeal the trial court's denial of their motion for summary judgment. We reverse and remand.

### Issue

The Hammond defendants raise one issue, which we restate as whether the trial court properly concluded that the release signed by Martha Plys is not specific enough to exempt them from liability for negligence.

### Facts

Plys joined the Hammond Fitness Center in January of 2003. The Hammond Fitness Center is located in the Hammond Civic Center, which is owned by the Hammond Parks Board. The Hammond Parks and Recreation Department runs the fitness center. On January 21, 2003, Plys signed a release regarding her participation at the fitness center:

> I, MARTHA PLYS, accept full responsibility and assume the risk for my use of any and all apparatus, appliance, facility privilege or service, of any nature, which is owned or operated by the Hammond Parks and Recreation Department, the Hammond Civic Center, or the City of Hammond, Indiana. While engaging in any contact, game, function, exercise, competition, or any other activity operating, organized, arranged, or sponsored by the Hammond Parks and Recreation Department, the Hammond Civic Center, or the City of Hammond, either on or off their premises, I shall do so at my own risk, and hold the Hammond Parks and Recreation Department, the Hammond Civic Center, or the City of Hammond, Indiana, its employees, representatives and agents, forever harmless from any and all loss, claim, injury, damage, or liability sustained or incurred by me resulting therefrom. I specifically agree to indemnify and hold harmless Hammond Parks and Recreation Department, the Hammond Civic Center, or the City of Hammond, Indiana as to any loss, cost, claim, injury, damage or liability, sustained or incurred by using the facilities or equipment of the Hammond Parks and Recreation Department, the Hammond Civic Center, or the City of Hammond, Indiana which is caused by an act or omission, whether negligent, intentional or otherwise, of an employee, representative, or agent of the Hammond Parks and Recreation Department, the Hammond Civic Center, or the City of Hammond, Indiana. Reading of the above rules and my sig-

nature below constitutes my full acceptance of this waiver.

App. p. 25.

On April 4, 2003, Plys slipped on a pool ladder and injured her foot. She brought a negligence action against the Hammond defendants on February 25, 2005. The Hammond defendants moved for summary judgment on May 17, 2006, arguing that Plys waived any claims against them by signing the release. The trial court denied the summary judgment motion. It found that "the express waiver involved in this matter fails to specifically state that the Plaintiff is waiving the specific negligence of Defendants" and "does not relieve the Defendants from liability." *Id.* at 11. The Hammond defendants moved to certify the order for interlocutory appeal on February 12, 2007.[1] The trial court granted the motion to certify and we accepted jurisdiction.

### Analysis

█ We apply the same standard as the trial court when reviewing a motion for summary judgment. *Cleary v. Manning,* 884 N.E.2d 335, 337 (Ind.Ct.App.2008). The moving party must show that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Cleary,* 884 N.E.2d at 337. In order to determine whether summary judgment was properly granted, we must address whether the signed release exempted the Hammond defendants from liability for negligence. The interpretation of a written contract, including a release, is a question of law, and we will conduct a de novo review the trial court's denial of the motion for summary judgment. *Avant v. Community Hosp.,* 826 N.E.2d 7, 10 (Ind.Ct.App.2005), *trans. denied.*

█ When reviewing a contract, we examine the language used to express the parties' rights and duties to determine their intent. *Id.* Words are given their usual meaning unless it is clear from the context that another meaning was intended. *Id.* "Words, phrases, sentences, paragraphs, and sections of a contract cannot be read out of context. If possible, the entire contract must be read together and given meaning." *Id.*

█ "[A]n exculpatory clause must both specifically and explicitly refer to the negligence of the party seeking release from liability." *Powell v. Amer. Health Fitness Center of Fort Wayne, Inc.,* 694 N.E.2d 757, 760 (Ind.Ct.App.1998). But, this court has held that "an exculpatory clause need not include the word 'negligence' so long as it conveys the concept specifically and explicitly through other language." *Avant,* 826 N.E.2d at 12 (citing *Moore Heating & Plumbing, Inc. v. Huber, Hunt & Nichols,* 583 N.E.2d 142, 146 (Ind.Ct. App.1991)). In *Avant,* we concluded that because the release included terms associated with negligence—"claims," "causes of action," "acts," "damage," "responsibility," and "injury"—the release encompassed negligence. *Id.* at 11.

█ The trial court found that the release here "fails to specifically state that the Plaintiff is waiving the specific negligence of the Defendants." App. p. 11. The trial court seemed to rely only on the first part of the release, which states that Plys "assumes the risk" and holds the Hammond defendants "harmless from any and all loss, claim, injury, damage, or liability sustained or incurred by me resulting therefrom." *Id.* at 25. Plys contends

---

1. A significant time lapse occurred following the untimely death of the original trial court judge, Robert Pete. The matter did not proceed until another judge was appointed in October of 2007.

**4**

that this first part of the release is a failed attempt to waive liability for negligence because it is not specific enough. Plys concedes that the third sentence of the release specifically mentions negligence, but seems to argue that this section is not a waiver of liability but merely is the "indemnity and hold harmless section of the document." Appellee's Br. p. 5. We disagree and cannot ignore the language in the third sentence of the release.

Though not entirely clear, it seems that Plys is attempting to separate the release into distinct exculpatory and indemnity clauses. "An exculpatory clause covers the risk of harm sustained by the exculpator [Plys] that might be caused by the exculpatee," here the Hammond defendants. *See Morris v. McDonald's Corp.*, 650 N.E.2d 1219, 1222 (Ind.Ct.App.1995). "[A]n an indemnity clause covers the risk of harm sustained by third persons that might be caused by either the indemnitor or the indemnitee" and shifts the burden to the indemnitor.[2] *Id.* Although the third sentence of the release uses the word indemnity, it is not solely an indemnity clause and it clearly indicated that Plys will "hold harmless" the Hammond defendants. App. p. 25. Rules of contract interpretation require us to read all terms together, keeping in mind that the more specific terms control over any inconsistent general statements. *Ralph E. Koressel Premier Elec., Inc. v. Forster*, 838 N.E.2d 1037, 1046 (Ind.Ct.App.2005). The third sentence of the release cannot be ignored or set aside as a section without any effect on Plys's waiver of the Hammond defendants' potential liability.

Even if we were to separate the third sentence of the release, we have relied on such sections in the past to uphold release agreements waiving liability for negli-

gence. In *U.S. Auto Club, Inc. v. Smith*, 717 N.E.2d 919, 923 (Ind.Ct.App.1999), *trans. denied*, we held the following release language was sufficient to relieve defendants of liability for negligence: "indemnify and hold harmless the releases and each of them from the loss, liability damage or cost they may incur due to the presence of the undersigned in or upon the restricted area, whether caused by the negligence of the releases or otherwise." *U.S. Auto Club, Inc.*, 717 N.E.2d 919, 923 (Ind.Ct.App.1999). We noted that the language was sufficient to specifically release the defendants from their own negligence. We concluded that "it is apparent that the primary purpose of the release here was to relieve USAC and all other releasees of liability that arose." *Id.* at 923–24. We also found it compelling that the exculpatory language that was also part of the release made a specific reference to negligence.

Although the release here not does include the word negligence in the second sentence, it does state that Plys "assumes the risk" of her activities at the facility and holds the Hammond defendants harmless from "any and all loss, claim, injury, damage, or liability" resulting from those activities. App. p. 25. The release signed by Plys is unlike the insufficient release in the *Powell* case. The exculpatory clause there provided that the defendant health club would "not be liable for any damages arising from personal injuries," that the member "assumes full responsibility for any injuries, damages or losses," and released the club "from any and all claims, demands, damages, rights of action, or causes of action...." *Powell*, 694 N.E.2d at 759. Powell argued the release was not specific enough to release the defendant

---

**2.** Black's Law Dictionary defines indemnify as "To reimburse (another) for a loss suffered because of a third party's act or default." *Black's Law Dictionary* 772 (7th Ed.1999).

health club from its own negligence. We agreed and held that the exculpatory clause did not "specifically or explicitly refer to the negligence of American Health." *Id.* at 761. Later, in deciding *Avant,* we noted that the *Powell* release did not even mention the acts of the club or its employees. *See Avant,* 826 N.E.2d at 12 ("[T]here was no reference whatsoever to acts, actions, or conduct of the Club and its employees.").

These conclusions cannot be reached regarding the release signed by Plys. It specifically states:

> I specifically agree to indemnify and *hold harmless* Hammond Parks and Recreation Department, the Hammond Civic Center, or the City of Hammond, Indiana as to any loss, cost, claim, injury, damage or liability, sustained or incurred by using the facilities or equipment of the Hammond Parks and Recreation Department, the Hammond Civic Center, or the City of Hammond, Indiana which is caused by an act or omission, *whether negligent, intentional or otherwise,* of an employee, representative, or agent of the Hammond Parks and Recreation Department, the Hammond Civic Center, or the City of Hammond, Indiana.

App. p. 25 (emphasis added). In short, the release signed by Plys demonstrates that she assumed the risk, that she held the Hammond defendants harmless "from any and all loss, claim, injury, damage, or liability," she agreed to indemnify them, and she held them harmless for any injury sustained while using the facilities caused by a negligent act or omission. *Id.* This release was specific enough to waive Plys's negligence claims. The trial court relied on an improper interpretation of this contract in denying the Hammond defendants' motion for summary judgment. We conclude that the Hammond defendants were entitled to summary judgment as a matter of law.

## Conclusion

The release signed by Plys was sufficiently specific to release the Hammond defendants from any actions by Plys alleging their negligence. We reverse the trial court's denial of the Hammond defendants' motion for summary judgment and remand for further proceedings consistent with this opinion.

Reversed and remanded.

CRONE, J., and BRADFORD, J., concur.

## *ORDER*

Appellants City of Hammond, Hammond Civic Center, and Hammond Parks Board, by counsel, have filed a Motion to Publish Memorandum Decision.

Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellant's Motion to Publish Memorandum Decision is Granted and this Court's opinion handed down in this cause on June 24, 2008, marked Memorandum Decision, Not for Publication is now ORDERED PUBLISHED.

Barnes, Crone, Bradford, JJ., concur.