Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**SUSAN KOZLOWSKI**
Kozlowski Law Offices
Crown Point, Indiana

ATTORNEY FOR APPELLEE:

**WILLIAM H. TOBIN**
South Holland, Illinois



FILED
Jun 04 2012, 9:40 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ALFONSO MENCHACA, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1109-PL-415 |
| | ) | |
| ELIAS TERRAZAS, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Steven J. Sersic, Judge Pro Tempore
Cause No. 45D01-1101-PL-6

**June 4, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

Alfonso Menchaca appeals the trial court's entry of partial summary judgment in favor of Elias Terrazas. We affirm and remand.

## ISSUE

Menchaca presents two issues, which we consolidate and restate as: whether the trial court erred by entering partial summary judgment in favor of Terrazas.

## FACTS AND PROCEDURAL HISTORY

On May 8, 2008, Terrazas, Menchaca, and Dale Jansma executed a promissory note ("the note") and an "Addendum to Real Estate Purchase agreement dated May 8, 2008 of above mentioned property between Alfonso Menchaca and Dale Jansma and their heirs" ("the addendum"). Under the terms of the note, Menchaca promised to pay Terrazas $75,000 not later than June 1, 2010. The note was secured by property located at 736 Cirque Court in Crown Point, Indiana ("the Crown Point property"), which Menchaca and Jansma owned. The addendum describes in more detail the financial relationships among Terrazas, Menchaca, and Jansma.

Menchaca did not repay Terrazas the amount owed under the note, and Terrazas filed this action. Under count one of the complaint, Terrazas sought repayment of the amount Menchaca owed him pursuant to the note, plus interest and attorney's fees. Under count two of the complaint, Terrazas sought repayment of $5,000 he advanced to Menchaca for repairs on the Crown Point property.

Terrazas filed a motion for partial summary judgment as to count one of his complaint. Menchaca submitted a response, but it was untimely and the trial court

2

granted Terrazas' motion to strike it. The trial court held a hearing on Terrazas' motion. On May 10, 2011, the trial court granted summary judgment to Terrazas on count one of the complaint and ordered Menchaca to pay Terrazas $102,335.03 in damages, including interest and attorney's fees.

Subsequently, Terrazas asked the trial court to declare that its May 10, 2011, order was a final judgment. On August 25, 2011, the trial court granted Terrazas' request and determined that the grant of partial summary judgment on count one of Terrazas' complaint was a final and appealable order. This appeal followed.

## DISCUSSION AND DECISION

When reviewing the entry or denial of summary judgment, our standard of review is the same as that of the trial court: summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C); *Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1269-70 (Ind. 2009). The reviewing court construes all factual inferences in the nonmoving party's favor and resolves all doubts as to the existence of a material issue against the moving party. *Id.* at 1270. The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Id.* Once the movant satisfies the burden of proof, the burden then shifts to the nonmoving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact. *Id.*

Menchaca first argues that the trial court's grant of partial summary judgment was erroneous because Terrazas did not include the addendum in his summary judgment

3

documents. Therefore, Menchaca contends, the trial court did not have a complete picture of the parties' agreement. We disagree. Terrazas attached the addendum to his complaint. During the summary judgment hearing, Menchaca discussed the addendum. In addition, during the hearing Terrazas stated, "I invite the Court to read the addendum." Tr. p. 14. At the end of the hearing, the court advised the parties that it would "read the file." *Id.* at 16. Finally, in the May 10, 2011 order granting partial summary judgment to Terrazas, the court noted that it had "consider[ed] the pleadings filed in this cause." Appellant's App. p. 51. Thus, we conclude that the trial court was made aware of the addendum and considered that document in the course of ruling upon Terrazas' motion for partial summary judgment.

Next, Menchaca contends that the trial court's grant of partial summary judgment was inappropriate because the addendum modified the terms of the note, including Menchaca's deadline to repay Terrazas. Resolution of Menchaca's contention requires us to review our rules of contract interpretation. The goal of contract interpretation is to ascertain and give effect to the parties' intent as reasonably manifested by the language of the agreement. *Reuille v. E.E. Brandenberger Constr., Inc.*, 888 N.E.2d 770, 771 (Ind. 2008). If the language is clear and unambiguous, it must be given its plain and ordinary meaning. *Id.* Courts should interpret a contract so as to harmonize its provisions rather than place them in conflict. *Dunn v. Meridian Mut. Ins. Co.*, 836 N.E.2d 249, 252 (Ind. 2005). We read all of a contract's terms together, keeping in mind that more specific terms control over any inconsistent general statements. *City of Hammond v. Plys*, 893 N.E.2d 1, 4 (Ind. Ct. App. 2008). Writings executed simultaneously and related to the

4

same transaction will be construed together in determining the intent underlying the writings. *Bruno v. Wells Fargo Bank, N.A.*, 850 N.E.2d 940, 945 (Ind. Ct. App. 2006).

An ambiguity does not arise merely because the two parties argue differing interpretations of a contract. *USA Life One Ins. Co. of Ind. v. Nuckolls*, 682 N.E.2d 534, 538 (Ind. 1997). Rather, the contract is ambiguous only if it is susceptible to more than one interpretation and reasonably intelligent persons would differ as to its meaning. *Id.*

Here, the note provides, in relevant part,

The undersigned promises to pay to the order of Elias Terrazas, the principal sum of seventy five thousand and 00/100ths ($75,000.00) dollars, together with simple interest of 10% on the principal amount outstanding. Not later than June 1, 2010 (sic).

The parties contemplate that this obligation shall be satisfied by the undersigned making one payment in the amount of seventy five thousand dollars and 00/100 representing $75,000.00 principal and 10% interest for the amount of days used. This amount shall be $20.55 per day starting May 8, 2008 and ending by June 1, 2010.

* * * * *

This note is secured by the property owned by Alfonso Menchaca and Dale Jansma at 736 Cirque Ct. Crown Point, In. (sic) 46306.

Appellant's App. p. 16.

Turning to the addendum, its complete title refers to a "Real Estate Purchase agreement dated May 8, 2008 of above mentioned property [the Crown Point property] between Alfonso Menchaca and Dale Jansma and their heirs." *Id.* at 18. This purchase agreement has not been included in the record. In any event, the addendum recites that it is intended "to secure the $75,000 note held by Elias Terrazas against [the Crown Point property]." *Id.* Thus, the note and the addendum both provide that the Crown Point

5

property secures the note, and this provision of the addendum does not alter Menchaca's obligation under the note to repay Terrazas by a set deadline.

Menchaca notes that the addendum provides that Menchaca will purchase the Crown Point property and further states, "Alfonso Menchaca and Elias Terrazas are fully aware this transfer of ownership is for the sole purpose of securing everyone's security." *Id.* at 19. This provision merely reinforces the conclusion that the Crown Point property was used to secure the note and does not contradict or alter the plain language of the note establishing Menchaca's debt and the deadline for repayment.

Next, Menchaca argues that the note and the addendum are ambiguous because the addendum requires "the signature of [Terrazas] to execute the sales contract for the real estate." Appellant's Br. p. 9. To the contrary, the addendum merely requires that "2 out of 3 note holders" must execute a sales contract for the Crown Point property. Appellant's App. p. 18. Thus, Menchaca and Jansma could execute a sales contract for the property regardless of whether Terrazas approved of the sale. In any event, the terms under which the Crown Point property may be sold do not affect or contradict the more specific language of the note that establishes the amount of the debt owed and the deadline for repayment.

We conclude that the addendum and the note, when read together, clearly and unambiguously establish Menchaca's duty to repay Terrazas and the deadline for repayment. The terms of these documents are not susceptible to more than one interpretation regarding the amount Menchaca owed and the deadline for repayment, and reasonable persons would not differ as to their meaning. Therefore, it would be

inappropriate to resort to extrinsic evidence to interpret the note and the addendum.[1] *See*

*Ryan v. Lawyers Title Ins. Corp.*, 959 N.E.2d 870, 875 (Ind. Ct. App. 2011) ("If the

language of the contract is unambiguous, the parties' intent will be determined from the

four corners of the contract."). There is no dispute that Menchaca failed to repay

Terrazas for money owed pursuant to the note. Thus, the trial court properly determined

that there is no dispute of material fact, and Terrazas is entitled to partial summary

judgment as a matter of law.

Under the terms of the note, Terrazas is "entitled to recover all costs of collection

including but not limited to reasonable attorney's fees." Appellant's App. p. 16.

Therefore, Menchaca is obligated to pay Terrazas' reasonable attorney's fees for this

appeal. It is necessary for the trial court to determine the amount Terrazas is owed.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court and remand

for further proceedings, including a determination of Terrazas' appellate attorney's fees.

Affirmed and remanded.

KIRSCH, J., and VAIDIK, J., concur.

---

[1] Furthermore, even if extrinsic evidence was necessary, Menchaca failed to timely submit such evidence to the trial court. The trial court struck Menchaca's summary judgment response as untimely, and Menchaca does not challenge that ruling on appeal. Thus, Menchaca has waived his claim that extrinsic evidence would be useful in interpreting the note and addendum. *See Estate of Taylor ex rel. Taylor v. Muncie Med. Investors, L.P.*, 727 N.E.2d 466, 469 (Ind. Ct. App. 2000) ("When an appellant fails to raise and argue in his or her appellant's brief a cause of action disposed of below, he or she waives the right to challenge the trial court's disposition on appeal."), *trans. denied*.